# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DELONG, | ) | |
| | ) | Case No. CIV-2014-1439-C |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| 1. STATE OF OKLAHOMA *ex rel* The OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; | ) ) ) ) | |
| 2. THE BOARD OF DIRECTORS FOR THE OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES, | ) ) ) ) | |
| 3. TERRI WHITE, Commissioner and Chief Executive Officer of the Oklahoma Department Of Mental Health And Substance Abuse Services, | ) ) ) ) | |
| 4. DURAND CROSBY, Chief Operating Officer of the Oklahoma Department Of Mental Health And Substance Abuse Services; | ) ) ) | |
| 5. CRATUS DEWAYNE MOORE, General Counsel of Oklahoma Department of Mental Health and Substance Abuse Service. | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

# PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Michael DeLong, files this First Amended Complaint against Defendants, the State of Oklahoma *ex rel* the Oklahoma Department of Mental Health and Substance Abuse Services; the Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services; Terri White, Commissioner and Chief Executive of Oklahoma Department of Mental Health and Substance Abuse Services; Durand Crosby, Chief Operating Officer of the Oklahoma Department of Mental Health and Substance Abuse Services; and Cratus Dewayne Moore, General Counsel of Oklahoma Department of Mental Health and Substance Abuse Services and hereby alleges and states as follows:

## A.  JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the subject matter of this dispute pursuant to 42 U.S.C. §1331, as this is an action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Plaintiff seeks remedies under 42 U.S.C. §1983.

2.    This court has supplemental jurisdiction over the pendent state claims pursuant to 28 U.S.C. § 1367.

3.    The Defendants are located and/or doing business within this judicial district and division. This action is brought within the judicial district in which the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## B.  PARTIES

4.    Plaintiff Michael DeLong ("Plaintiff" or "Michael DeLong") is a citizen of

Oklahoma and a resident of Oklahoma County.

5.      Defendant the Oklahoma Department of Mental Health and Substance Abuse Service ("Department" or "ODMHSAS") is an agency of the State of Oklahoma.

6.      Defendant the Oklahoma Department of Mental Health and Substance Abuse Service is charged with the responsibility of regulating providers of services to the mentally ill, or those suffering from drug and alcohol abuse. 43A O.S. §2-101, *et seq.*

7.      Defendant, the Board of Mental Health and Substance Abuse Services, is the governing board for ODMHSAS. 43A O.S. §2-101(A)(2).

8.      The Chief Executive Officer of the ODMHSAS shall be the Commissioner of Mental Health and Substance Abuse Services. 43A O.S. §2-101(A)(2).

9.      The ODMHSAS is charged with investigating any claims of an individual being wrongfully deprived of liberty, or is cruelly, negligently or improperly treated, or inadequate provision is made for the individual's appropriate medical care, proper supervision and safe keeping if the individual is receiving treatment in a facility operated by, certified by, or under contract with the Department. 43A O.S. §2-108(A)(2).

10.     Defendant Terri White is a citizen of Oklahoma and the Commissioner and Chief Executive Officer for the Department of Mental Health and Substance Abuse Services and is sued in her individual capacity.

11.     Defendant Durand Crosby is a citizen of Oklahoma and the Chief Operating Officer for the Department of Mental Health and Substance Abuse Services and is sued in his individual capacity.

12.     Defendant Cratus Dewayne Moore, a/k/a Dewayne Moore, is a citizen of Oklahoma and General Counsel for the Department of Mental Health and Substance Abuse Services and is sued in his individual capacity.

## C.  CONDITIONS PRECEDENT

13.     All conditions precedent have been performed or have occurred.

14.     On or about August 23, 2013, Michael DeLong was terminated as an investigator with the Department of Mental Health and Substance Abuse Services.

15.     On or about January 28, 2014, the Plaintiff timely submitted an Intake Questionnaire and filed a Charge of Discrimination against the Defendant through the Equal Employment Opportunity Commission ("EEOC"). *See* Exhibit 1, *Intake Questionnaire and Charge of Discrimination*.

16.     On or about May 1, 2014, the EEOC issued the Plaintiff his Notice of Right to Sue. *See* Exhibit 2, *Right to Sue Letter*.

17.     On or about June 25, 2014, the Plaintiff delivered a Notice of Tort Claim to the Office of the Risk Management Administrator beginning the Tort Claim process pursuant to 51 O.S. §151 et seq. *See* Exhibit 3, *Tort Claim*.

18.     On or about July 22, 2014, the Office of the Risk Management Administrator issued a letter denying the tort claim. *See* Exhibit 4, *Denial of Tort Claim Letter*.

## D.  FACTUAL ALLEGATIONS

19.     Michael DeLong was hired in February 2010 as an Investigator in the ODMHSAS and during his employment was promoted to an Investigator II.

4

20.     Michael DeLong's duties as an Investigator were to investigate misconduct, not only within state-operated facilities, but also within management and staff of ODMHSAS.

21.     Michael DeLong received positive employment reviews, raises, and promotions during his tenure at ODMHSAS, all indicating he was a good employee who performed well in his position.

22.     Michael DeLong's direct supervisor was Kimberly Poff, Inspector General for ODMHSAS.

23.     Terri White, Dewayne Moore and/or Durand Crosby ("Leadership") were viewed by the employees within the Inspector General's Office as the "Leadership" of the Department and were often colloquially referred to, either jointly or individually, as Leadership.

24.     During the course of his employment with ODMHSAS, Michael DeLong was involved in the investigation of several high profile matters within the Department. Specifically, Michael DeLong investigated complaints made by employees at the ODMHSAS against high profile employees within the Department and investigated allegations related to the NARCONON Arrowhead facility in which three Oklahomans died while undergoing drug treatment.[1]

---

[1]     Three patients at NARCONON died while at the facility.  The families of Gabriel Graves (CJ-2012-295), Hillary Holten (CJ-2012-224), and Stacy Murphy (CJ-2012-265) have all filed suit against NARCONON of Oklahoma Inc., and Oklahoma Corporation, d/b/a NARCONON Arrowhead; Narconon International, a Foreign Corporation; Association For Better Living And Education International, a Foreign Corporation; and Gerald Wootan, DO, M.Ed in the District Court of Pittsburg County for the wrongful death of these individuals.

25.    On information and belief, Defendant Durand Crosby and Defendant Dewayne Moore have a personal friendship and relationship that preceded their employment with ODMHSAS, and that relationship clouds their judgment with respect to the conduct of the others and created an environment where any misconduct of one of them was overlooked by the other.

26.    During Michael DeLong's employment with the Department, employees made allegations of sexual misconduct against General Counsel Dewayne Moore regarding an alleged affair between Mr. Moore and a member of his staff who Mr. Moore directly supervised.

27.    A third party sexual harassment claim was made to Michael DeLong regarding alleged preferential treatment shown to the direct report of Mr. Moore.  The complaint alleged that there was a quid pro quo sexual harassment environment created by the conduct and the resulting promotion of the employee involved in the affair and a hostile work environment.

28.    On information and belief, Mr. Moore received favorable treatment with regard to claims of direct and third party sexual harassment made against him.  This treatment would not have been afforded to other employees but for Mr. Moore's longstanding friendship with Mr. Crosby.  As a result there was no full independent investigation into the allegations of misconduct surrounding his sexual relationship with an employee who reported directly to him.

29.    Michael DeLong, as an Investigator with ODMHSAS, has legitimate knowledge of complaints against NARCONON Arrowhead, a drug treatment facility owned and

operated by a division of the Church of Scientology, which operates in the McAlester area and is licensed by the State of Oklahoma ODMHSAS.

30.    Michael DeLong and his supervisor, Kimberly Poff, were tasked with investigating complaints arising out of the death of three individuals who were in the drug treatment at the Oklahoma NARCONON Facility.

31.    As a result of their investigation, Ms. Poff and Michael DeLong determined that the NARCONON facility violated numerous state laws. This report was finalized in the summer/fall of 2012.

32.    Despite the finalization of this report, Leadership at ODMHSAS including Terri White, Dewayne Moore, and/or Durand Crosby attempted to hide the findings of Kimberly Poff and Michael DeLong by telling Ms. Poff to advise the Board of Directors for ODMHSAS that a report and investigation were still pending.

33.    On information and belief, Leadership at ODMHSAS including Terri White, Dewayne Moore and/or Durand Crosby buried and/or suppressed the findings of Michael DeLong and Ms. Poff because the Department did not want to get involved with litigation involving the Church of Scientology.

34.    Michael DeLong and Kimberly Poff were very vocal in 2012 and 2013 about their objection to ODMHSAS's decision to bury the report and Michael DeLong believes his objection to the decision to bury the findings of the NARCONON investigation directly relate to his termination by the Department on August 23, 2013.

35.    Michael DeLong's supervisor, Kimberly Poff, was also terminated on August 23, 2013.  On information and belief, the reason provided for Ms. Poff's termination was that

Leadership at ODMHSAS claimed that her office was no longer able to conduct unbiased investigations without an agenda and that that she allegedly breached confidentiality on investigations.

36.     No reason for given for Michael DeLong's termination.  In a letter received from the attorney for ODMHSAS, the Department claimed that Michael DeLong attempted to intimidate a witness.

37.     The alleged act of intimidation because Michael DeLong stood in the back of the room at a Department training seminar where the "witness," who was an employee of ODMHSAS, was putting on a training class.

38.     The "witness" in question was on suspension from ODMHSAS because another employee had had accused him of sexual harassment.  On information and belief, the "witness" was the only employee of ODMHSAS, during the tenure of Kimberly Poff or Michael DeLong, to be allowed to work or to teach such a seminar while also on suspension for suspected illegal conduct.

39.     The investigation into the sexual harassment involving the suspended employee "witness" was allegedly being conducted by an outside party because of a long standing friendship between Kimberly Poff and the employee victim of sexual harassment.

40.     In fact, Kimberly Poff asked for the independent investigation to insure that her friendship did not act to bias the outcome of the investigation. Therefore, neither Kimberly Poff nor her employees, including Michael DeLong, were investigators on this case.

41.     Michael DeLong's mere act of being in a room with an alleged offender, when he was not acting in his capacity as an investigator and was merely observing the training, does not rise to the level of witness intimidation.

42.     The conduct of Michael DeLong, if wrongful in any manner, does not rise to the level of termination given his past history of stellar performance within the Department.

43.     Given that Kimberly Poff was Michael DeLong's direct supervisor, it is also easy to infer that the firing of Michael DeLong was directly related to the firing of Michael Delong, which is also wrongful and illegal in violation of state and federal law.

44.     Kimberly Poff has also filed suit against all Defendants named in Michael DeLong's lawsuit for wrongful termination, gender/sex and age discrimination, retaliation, negligence, conspiracy and any and all other causes of action which are relevant under the circumstances.

45.     Michael DeLong adamantly denies any claim that he attempted to intimidate a witness and claims that the ODMHSAS fired him in an attempt to cover up an ongoing pattern of wrongful conduct occurring within the Department including the decision to suppress a report involving that wrongful conduct.  Michael DeLong reported the conduct to Management that included Terri White, Dewayne Moore and Durand Crosby which, in turn, attempted to wrongfully hide and conceal the report from the Board of Directors for the ODMHSAS.

## COUNT ONE:  RETALIATION UNDER TITLE VII (AS TO THE DEPARTMENT AND THE BOARD)

46.     Plaintiff hereby adopts and re-alleges all allegations in paragraphs 1 - 45 as if fully set forth herein.

47.     Michael DeLong was retaliated against by his employers for engaging in a protected activity involving the investigation of and reporting on of unlawful employment practices within the Department related to sexual harassment and the creation of a sexually hostile work environment in violation of Title VII, 42 U.S.C. §2000e(b).

48.     As a result of Michael DeLong's refusal to be silent on issues of sexual harassment within the Department, he suffered an adverse employment action in the form of discharge from employment in the Department.

49.     This adverse employment action constitutes unlawful retaliation in violation of Title VII's prohibition against discrimination against an employee who made a charge, testified, assisted, or participated in a Title VII  investigation pursuant to 42 U.S.C.A.§ 2000e–3(a).

50.     As a result of the retaliation and the wrongful acts of the Department and the Board, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering.

**COUNT TWO:  42 U.S.C. § 1983 VIOLATION OF CONSTITUTIONAL RIGHTS (AS TO TERRI WHITE, DURAND CROSBY AND CRATUS DEWAYNE MOORE AND IN THEIR INDIVIDUAL CAPACITIES)**

*Violation of the First Amendment of the United States Constitution for Engaging In Protected Speech*

51.     Plaintiff hereby adopts and re-alleges all allegations in paragraphs 1 - 50 as if fully set forth herein.

52.     On August 23, 2013, Michael DeLong was a public employee employed by the Oklahoma Department of Mental Health and Substance Abuse Service.

53.     Plaintiff spoke on matters of public concern regarding the suppression of an official report of illegal conduct at a state drug and alcohol treatment facility that he reasonably believed was an abuse of authority and that presented a substantial and specific danger to public health or safety.

54.     At the time of Plaintiff's protected speech, Michael DeLong was acting as a private citizen as to matter of public concern related to the suppression of the official report because, without publication of this report, citizens of Oklahoma would be deprived of informed opinions on an important public issues.

55.     The Individual Defendants are subject to suit under section 1983 because each has has acted under color of law to deprive Plaintiff of rights secured by federal law or the Constitution.

56.     Michael DeLong's speech went beyond his duties as an investigator in the Department and was made in order to raise public awareness regarding the active suppression of matters of public concern as expressed in Kimberly Poff's official report on the NARCONON investigation.

57.     Michael DeLong's speech did not interfere with the efficient or effective operation of the Board or the Department.

58.     Michael DeLong was terminated from employment as a direct and proximate result of his protected speech.

59.     As a result of the violation of his First Amendment rights, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering and is entitled to all relief necessary to make him whole as provided for under 42 U.S.C. §1983.

**_Violation of the First Amendment of The United States for Engaging in His Right to Freedom Of Assembly_**

60.     Plaintiff hereby adopts and re-alleges all allegations in paragraphs 1 – 59 as if fully set forth herein.

61.     On August 23, 2013, Michael DeLong was a public employee employed by the Department Oklahoma Department of Mental Health and Substance Abuse Service.  He engaged in his right to freedom of assembly when he appeared at an ODMHSAS training event and watched a seminar that was being put on for employees.

62.     One of the basis for terminating Michael DeLong from his employment with the Department was based on his attendance at this seminar and the alleged intimidation of a witness who was conducting the seminar.

63.    Michael DeLong's termination was motivated by disapproval of his speech on matters of public concern and on his right to peaceably assemble thus violating a fundamental constitutional norm.

64.    Michael DeLong was terminated from employment as a direct and proximate result of his protected right to freely assemble.

65.    As a result of the violation of his First Amendment rights, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering and is entitled to all relief necessary to make him whole as provided for under 42 U.S.C. §1983.

## COUNT THREE:  NEGLIGENT TRAINING, SUPERVISION AND RETENTION (AS TO THE DEPARTMENT AND THE BOARD)

66.    Plaintiff hereby adopts and realleges all allegations in paragraphs 1 - 67 as if fully set forth herein.

67.    The ODMHSAS by and through its Board of Directors and Commissioner Terri White failed to hire, train and supervise its Leadership employees to ensure that they knew, understood and enforced the law with regard to the hiring, reviewing, disciplining and terminating employees for alleged misconduct.

68.    The Defendants knew that the Leadership employees had a tendency to show preferential treatment to high ranking employees to the detriment of other employees in the Department, including Plaintiff Michael DeLong, especially in matters of professional review and discipline.

69.     As a result of the negligence in hiring, training and retaining of Leadership employees, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering.

**COUNT FOUR:    TORT CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (AS TO THE DEPARTMENT AND THE BOARD)**

70.     Plaintiff adopts and re-alleges all allegations in paragraphs 1 – 69 as if fully set forth herein.

71.     At all material times, Michael DeLong was an at-will employee and the Department of Mental Health and Substance Abuse Services was his public employer.

72.     The actions of Defendants violate Oklahoma Public Policy and Oklahoma Statutory Law.

73.     The remedies available to Plaintiff under Federal law are not adequate to address the injuries and damages Michael DeLong suffered as a result of his employer's illegal and wrongful conduct.

74.     During his tenure with the Department, Michael De Long was involved in activities that uncovered serious and ongoing violations of the public policy of the state of Oklahoma.  Michael DeLong exercised his right to freely speak on these public policy violations.

*Michael DeLong's Speech Involved Public Policy Opposing Sexual Harassment in the Workplace.*

75.     Michael DeLong spoke out on the interference with and suppression of reports on several interdepartmental sexual harassment claims involving high ranking employees.

76.     Oklahoma has a clearly articulated public policy which castigates sexual harassment in the workplace. *See* Oklahoma's Anti-Discrimination Act, 25 O.S.1991 § 1302.

77.     The remedies found in the Anti-Discrimination Act do not encompass the broad range of wrongful discharges that could be addressed in a *Burk* tort so that Plaintiff has no adequate remedy at law for the wrongful discharge claims asserted.

***Michael DeLong's Speech Involved Public Policy Supporting the Implementation of Program for the Control and Treatment of Alcoholism and Drug Abuse.***

78.     Michael DeLong was discharged in significant part for a reason that violated an Oklahoma public policy goal.

79.     The public policy of the state of Oklahoma is to recognize alcoholism and drug abuse as illnesses and public health problems and to recognize alcoholism and drug abuse as illnesses subject to medical treatment and other therapeutic intervention and abatement.  Okla. Stat. Ann. tit. 43A, § 3-402 (West).

80.     Michael DeLong's termination resulted from his efforts to bring to light a report that revealed potential wrongdoing in the state-licensed NARCONON drug treatment facility that involved the death of three Oklahoma citizens while patients of the facility.

***Michael DeLong's Speech Involved Oklahoma Public Policy Advocating Freedom of Speech.***

81.     Michael DeLong was discharged from his employment from the Oklahoma Department of Mental Health and Substance Abuse Services for freely expressing his sentiments regarding Defendants' refusal to publish official reports on sexual harassment in the Department, reports of wrongdoing at an Oklahoma-licensed alcohol and drug treatment facility.

82.     Plaintiff's discharge is in violation of Art. 2 § 22 of the Oklahoma Constitution that provides:

> Every person may freely speak, write, or publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions for libel, the truth of the matter alleged to be libelous may be given in evidence to the jury, and if it shall appear to the jury that the matter charged as libelous be true, and was written or published with good motives and for justifiable ends, the party shall be acquitted.

83.     As a result of Michael DeLong's action in Count Four, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering.

## PRAYER

Plaintiff Michael DeLong demands judgment in his favor and against the Defendants, State of Oklahoma *ex rel* the Oklahoma Department of Mental Health and Substance Abuse Services; the Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services; Terri White, Commissioner and Chief Executive of Oklahoma Department of Mental Health and Substance Abuse Services, individually; Durand Crosby, Chief Operating Officer of the Oklahoma Department of

Mental Health and Substance Abuse Services, individually; and Cratus Dewayne Moore, General Counsel of Oklahoma Department of Mental Health and Substance Abuse Services, individually, in an amount in excess of $75,000.00 for their wrongful, improper and illegal conduct.  Plaintiff requests that he be awarded his lost wages, damages for lost benefits, damage to reputation, damages for emotional distress and mental suffering, and punitive damages.  Plaintiff further requests that the Court award him the costs and attorney's fees associated with this suit and any and all other relief that the Court deems just and equitable.

Respectfully submitted,

Rachel L. Bussett, OBA #19769
Bussett Law Firm, PC
3555 N.W. 58th St., Suite 1010
Oklahoma City, OK 73112
405-605-8073
405-601-7765 fax
rachel@bussettlaw.com


JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED