# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL DELONG,                                )
                 PLAINTIFF,              )
                                              )
V.                                             )    **CASE NO. CIV-2014-1439-C**
                                              )
(1) STATE OF OKLAHOMA *ex rel* THE            )
OKLAHOMA DEPARTMNET OF                        )
METNAL HEALTH AND SUBSTANCE                   )
ABUSE SERVICES;                               )
(2) THE BOARD OF DIRECTORS FOR                )
THE OKLAHOMA DEPARTMENT OF                    )
MENTAL HEALTH AND SUBSTANCE                   )
ABUSE SERVICES;                               )
(3) TERRI WHITE, Commissioner and             )
Chief Executive Officer of the Oklahoma       )
Department of Mental Health and Substance     )
Abuse Services;                               )
(4)  DURAND CROSBY, Chief Operating           )
Officer of the Oklahoma Department of         )
Mental Health and Substance Abuse             )
services; and                                 )
(5) CRATUS DEWAYNE MOORE,                     )
General Counsel of the Oklahoma               )
Department of Mental Health and Substance     )
Abuse Services.                               )
                 DEFENDANTS.               )


# MICHAEL DELONG'S RESPONSE TO THE DEPARTMENT AND THE
# BOARD'SMOTION TO DISMISS PLAINTIFF'S

# <u>FIRST AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 2

STATEMENT OF THE CASE .......................................................................................... 1

STANDARD OF REVIEW ............................................................................................... 2

ARGUMENT & AUTHORITIES ...................................................................................... 4

    **I.**    **The Board of Directors of the Department Has Independent Legal  Authority.** ............... 4

    **II.**    **Michael DeLong's Claims are not Barred by *Shephard v. Compsource*.** ........................... 9

        **A.**    **The Oklahoma Whistleblower Act is not Plaintiff's Exclusive   Remedy.** ............ 9

        **B.**    **Michael DeLong has Sufficiently Pled a Public-Policy Basis for his *Burk* Claim.**
............................................................................................................................... 11

            **Sexual Harrassment** ......................................................................... 12

            **Alcoholism and Drug Abuse** ............................................................ 12

            **Art. 2 § 22 of the Oklahoma Constitution** ..................................... 13

    **III.**    **Plaintiff Has Pled a Cognizable Negligence Claim.** ............................................... 14

        **A.**    **Whether or Not the Oklahoma Supreme Court Would Recognize a Claim Based on Negligent Training and Retention in the Context of a Co-employee is an Unsettled Issue under Oklahoma Law.** ................................................................... 14

        **B.**    **The Issue Before this Court is Whether the Defendants Knew or Should Have Known that the Conduct of Michael DeLong's Co-Employees Presented an Undue Risk of Harm.** .................................................................................... 15

        **C.**    **Because There is a Special Relationship Between the Board and the Department and Patients in State-licensed Mental Health and Substance Abuse, Defendants Are Not Immune from Liability.** ............................................................................ 17

    **IV.**    **Plaintiff States a Retaliation Claim Under Title VII.** .......................................... 21

    **V.**    **Punitive Damages Against the Department Are Excluded Under Specific Statutory Enactments.** ..................................................................................................... 25

**CONCLUSION** .......................................................................................................... 26

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir. 1999) ............... 22

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................ 3

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969, 1974 (2007) ....................... 3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ........................... 2, 3, 22

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192 (10th Cir. 2007) ...................................................................................................................... 4

*Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990 ............................ 3

*Burk v. K–Mart Corp.,* 770 P.2d 24, 29 (Okla.1989) ............................................. 14

*Burk v. K-Mart,* 770 P.2d 24 (Okla. 1989) .............................................................. 9

*Carlson v. City of Broken Arrow*, 884 P.2d 1209 (Okla. App. Div. 1 1994) .......... 17

*Collier v. Insignia Fin. Grp.*, 981 P.2d 321, 324-25 (Okla. 1999) ......................... 12

*Conley v. Gibson,* 355 U.S. 41, 47 (1957) ................................................................ 2

*Conroy v. Vilsack*, 707 F.3d 1163, 1171 (10th Cir. 2013) ...................................... 22

*Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) ............. 4

*EEOC v. Total Sys. Servs., Inc.,* 221 F.3d 1171, 1174 (11th Cir.2000) ................. 24

*In re Initiative Petition No. 366*, 46 P.3d 123, 126-27 (Okla. 2002) ..................... 14

*J.M. v. Hilldale Indep. Sch. Dist. No. I–29 of Muskogee County, Okla.,* No. CIV 07–367–JHP, 2008 WL 2944997, at * *12–13 (E.D. Okla. July 25, 2008) ......... 20

*Jordan v. Cates*, 935 P.2d 289, 292 (Okla. 1997) .................................................. 16

*Kansas State Bank and Trust Co. v. Specialized Transportation Services, Inc.,* 819 P.2d 587 ............................................................................................................... 20

*Khalik v. United Airlines,* 671 F.3d 1188, 1191 (10th Cir. 2012) .......................... 21

*Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) ........ 4

*McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002) ................. 4

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) ..................................... 22

*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) ........................................... 3

*Murphy v. Spring*, 2013 WL 5172951, at *3 (N.D. Okla. Sept. 12, 2013) ............. 11

*N.H. v. Presbyterian Church (U.S.A.)*, 998 P. 2d 592, 600-601, 1999 OK 88, ¶ 21 (Okla. 1999) ......................................................................................................... 16

*Newby v. State of Oklahoma*, 2011 WL 6883735 *1 (W.D. Okla. 2011) ........ 10, 17

*Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990) .................................................. 18

*Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla.*, 954 F. Supp. 2d 1292 (N.D. Okla. 2012) .................................................................................................. 5

*Randell v. Tulsa Independent School District No. 1,* 889 P.2d 1264 (1994) .......... 20

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) .....3

*Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995) ..........................2

*Sharp v. United Airlines, Inc.,* 967 F.2d 404, 406 (10th Cir.) ...................................2

*Shephard v. CompSource Okla.,* 2009 OK 25, 209 P.3d 288...................................10

*Shephard v. CompSource*, 209 P.3d 288 (Okla. 2009)...........................................10

*Thomas v. City of Blanchard,* 548 F.3d 1317, 1322 (10th Cir.2008) .......................4

*Trant v. Oklahoma*, 874 F. Supp. 2d 1294, 1304 (W.D. Okla. 2012) .............. 11, 14

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2530 (2013).....................22

*Vasek v. Board of County Com'rs of Noble County*, 186 P.3d 928, 932 (Okla. 2008) ................................................................................................................................10

*Wilburn v. Mid-South Health Development, Inc.,* 343 F.3d 1274, 1277 (10th Cir. 2003) ........................................................................................................................14

*Wofford v. Eastern State Hospital,* 795 P.2d 516, 519 (Okla.1990) .......................20

*Young v. Oklahoma City Pub. Sch., Indep. Sch. Dist. 89*, 2013 WL 6567144, at *3 (W.D. Okla. Dec. 2013)...........................................................................................19

*Zokari v. Gates*, 2007 WL 853734, at *2 (W.D. Okla. Mar. 16, 2007)...................24

**Statutes**

2011 WL 6883735, at *2 (W.D. Okla. Dec. 28, 2011)..............................................8

25 O.S.1991 § 1302.................................................................................................12

42 U.S.C. § 1981 .....................................................................................................26

42 U.S.C.A.  § 2000 ........................................................................................... 22, 23

43A O.S. § 2.................................................................................................... 5, 8, 9

43A O.S. § 2-101(A)(3) ............................................................................................5

51 O.S. § 154.................................................................................................... 25, 26

51 O.S. §§ 151-172 .................................................................................................17

51 O.S.1991, § 155.......................................................................................... 17, 19

74 Okla. Stat. § 840.................................................................................................10

75 O.S. § 250..............................................................................................................6

*Allen v. Justice Alma Wilson Seeworth Acad., Inc.*, 2012 WL 1298588, at *1-2 (W.D. Okla. 2012) ...................................................................................................19

*Benedix v. Indep. Sch. Dist. No. 1-007 of Oklahoma Cnty., Okla*., 2009 WL 975145 (W.D. Okla. 2013) ........................................................................................... 19, 20

Federal Rule of Civil Procedure 15 ........................................................................26

OAC § 450 ......................................................................................................... 4, 6, 7

OAC § 450:18 ......................................................................................................4, 6

Okla. Stat. Ann. tit. 43A, § 3-402 (West) ..............................................................13

**Other Authorities**

5B FED. PRAC. & PROC. CIV. § 1356 (3d ed.) ............................................................3

**Rules**

Federal Rule 8(a)(2) ...................................................................... 2, 21, 22
Federal Rule of Civil Procedure 12(b)(6) ...........................................1, 2

Plaintiff Michael DeLong respectfully requests that the Court deny the Motion to Dismiss Plaintiff's First Amended Complaint filed by the Department and the Board brought pursuant to Federal Rule of Civil Procedure 12(b)(6)**Error! Bookmark not defined.**. (Doc. No. 24) Defendants' motion should be denied because Plaintiff has pled facts which, if taken as true, as they must be for purposes of a 12(b)(6) motion, would support the claims asserted.

## STATEMENT OF THE CASE

Michael DeLong's claims in this lawsuit arise from actions taken by all defendants in the context of his employment as an Investigator II in the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS" or "the Department") and concern the circumstances of his termination from the Department. Michael DeLong first sued Defendants, State of Oklahoma *ex rel* The Oklahoma Department of Mental Health and Substance Abuse Services, The Board of Directors for The Oklahoma Department of Mental Health and Substance Abuse Services (the "Board") (collectively the "Defendants"), as well as Terri White, Durand Crosby, and Cratus Dewayne Moore (collectively the "Employee Defendants") in Oklahoma state court. Following removal to this Court, the Department and the Board filed a motion to dismiss all of Plaintiff's claims. (Doc. No. 15) A second motion to dismiss was filed on that same date by the Employee Defendants. (Doc. No. 16). Following the filing of Plaintiff Michael DeLong's First Amended Complaint (Doc. No. 21), the Court struck both motions to dismiss on file stating:

On February 25, 2015, Plaintiff filed an Amended Complaint. Accordingly, Defendants' Motions to Dismiss (Dkt. Nos. 15 and 16) are STRICKEN. Defendants may file new Motions or otherwise respond to the Amended Complaint as set forth by the Federal Rules of Civil Procedure.

(Doc. No. 22).

A motion to dismiss Michael DeLong's first amended complaint against the Department and the Board was filed on March 11, 2015. (Doc. No. 24). The Defendants' motion argues that Plaintiff's amended complaint should be dismissed in its entirety because Michael DeLong has failed to "state a single plausible claim for relief." Plaintiff begs to differ.

## STANDARD OF REVIEW

The Department and the Board have moved for dismissal of Michael DeLong's complaint under Federal Rule of Civil Procedure 12(b)(6). Under this provision, dismissal of a complaint is proper only if "the plaintiff can prove no set of facts in support . . . that would entitle the plaintiff to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995) (quoting *Sharp v. United Airlines, Inc.,* 967 F.2d 404, 406 (10th Cir.). Federal Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need only '" give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show the right to relief is plausible, a court should deny the defendant's motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As reminded by the Court in

*Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *See id.*

Rule 12(b)(6) merely tests the legal sufficiency of the complaint, it is not to be used to resolve a contest between the parties about the facts or to decide the substantive merits of the plaintiff's case. *See Motions to Dismiss—Purpose of the Rule 12(b)(6) Motion*, 5B FED. PRAC. & PROC. CIV. § 1356 (3d ed.). As a result, "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969, 1974 (2007)). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. *See id.*

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also*, *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). The Court must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). The standard remains a liberal one, and "a well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)(quoting *Twombly,* 127 S.Ct. at 1965) (internal quotation marks omitted).

In First Amendment cases, the court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression. *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Thomas v. City of Blanchard,* 548 F.3d 1317, 1322 (10th Cir.2008)). This Court has made clear that in determining when an employee is engaging in protected speech the court must consider the issue on a case by case basis premised on an analysis of the content and context of the speech. *Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192 (10th Cir. 2007).

## ARGUMENT & AUTHORITIES

### I.     The Board of Directors of the Department Has Independent Legal Authority.

In this case, by definition, "Board" means the Oklahoma State Board of Mental Health and Substance Abuse Services.  OAC § 450:18-1-2.  Defendants urge that the Board be summarily dismissed from this lawsuit.  In support of this argument, Defendants rely upon a single Oklahoma case, *Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla*., 954 F. Supp. 2d 1292 (N.D. Okla. 2012), that, by its express terms, deals only with the capacity of an Oklahoma school board to be sued as an independent entity.  The Court in

*Primeaux* noted that it had been unable to locate Oklahoma law addressing the precise question of whether an Oklahoma school board may sue or be sued. *Id.* at 1294. The court concluded that because there was no statutory language expressly applying the "sue or be sued" language to the Board of Education, the plaintiff's case against the school board should be dismissed. *Id.*

Defendants further contend that the Board should be dismissed because 43A O.S. § 2-101(A)(3), the Mental Health Law, states that the Department exercises all functions of the state in relation to the administration and operation of all state facilities for the care and treatment of the mentally ill and drug- or alcohol-dependent persons. This assertion does not reflect the totality of either the statutory or administrative law governing the Department and the Board. Dismissal is not warranted. After all, the Mental Health Law also provides that the "duties **of the Board** shall pertain to the care, treatment, and hospitalization of persons with mental illness, or alcohol- or drug-dependent persons." 43A O.S. § 2-103(F) (emphasis added). The care, treatment and hospitalization of such persons is at the core of this lawsuit. The claims against the Board are not duplicative.

There is no existing statutory or case law directly supporting the Defendants' position that because the Board is merely a governing body, it may not be joined as a party to a lawsuit. Moreover, language found in Oklahoma statutory and administrative law reveals that the Board has considerable independent authority over the Department. As the preface to the administrative rules governing the Department states:

> These rules are promulgated pursuant to the requirements of the Administrative Procedures Act, 75 O.S. § 250, et seq. The purpose of these rules is to effectively implement and enforce Title 43A of the Oklahoma

Statutes. These rules supplement existing state and federal laws, and govern the formal proceedings of the ODMHSAS.

450:1-1-2.

Importantly, the code expressly provides that:

> ***This, and all subsequent chapters are applicable***, unless otherwise specifically noted in a chapter, subchapter, part or section of Oklahoma Administrative Code Title 450, ***to*** the Oklahoma Department of Mental Health and Substance Abuse Services, ***the State Board of Mental Health and Substance Abuse Services***.

450:1-1-2 (emphasis added). Under the administrative code, the Board is responsible for hiring the Executive Director of the Department:

> "Executive director" means the person hired by the governing authority to direct all the activities of the organization; may be used synonymously with administrative director, administrator, chief executive officer, and director.

OAC § 450:18-1-2. In addition, the Board has the authority to make rules governing the implementation of the Department's statutorily mandated and permissible functions. OAC § 450:1-1-4. For example, the administrative rules govern individual proceedings by ODMHSAS ***or the Board*** for revocation and suspension of certification or for reprimand of certified facilities. OAC § 450:1-5-1 (emphasis added). Furthermore, any determination made by the ODHMSAS regarding the suspension or revocation of a certification may be appealed by the aggrieved party to the ODMHSAS Board. OAC § 450:1-9-9.1(a). Plaintiff's case involves his speech on matters of public concern regarding the suppression of an official report of illegal conduct at a state drug and alcohol treatment facility that he reasonably believed was an abuse of authority and that presented a substantial and specific danger to public health and safety. (Doc. 21, Am. Compl. at ¶¶ 53-56).

These allegations directly relate to the Board's ultimate authority to certify or de-certify a facility like NARCONON. The administrative code provides that the Board may:

> certify community mental health centers, community residential mental health facilities, community-based structured crisis centers, eating disorder treatment programs, alcohol and drug treatment programs, outpatient mental health treatment programs (mental illness treatment programs), comprehensive addiction treatment centers, programs of assertive community treatment, gambling addiction treatment programs, and narcotic treatment programs as cited in Section 450:1-9-1, and directs that such shall be carried out as stated in this subchapter.

OAC § 450:1-9-4(a). This authority is in accord with the mission of the Board.

In short:

> A Governing Board Ensures the Quality of Mental Health and Substance Abuse Programs Across Oklahoma. The Oklahoma Department of Mental Health and Substance Abuse Services (ODMHSAS) governing board is an eleven-member body appointed by the Governor and confirmed by the Oklahoma State Senate. ***Members set broad departmental policy and, through application of provider certification standards, ensure the quality of mental health and substance abuse programs across Oklahoma.***

http://www.ok.gov/odmhsas/Additional_Information/Board_Members,_Agendas,_Meetings_and_Minutes/index.html.

The Mental Health Law also provides that the Board has authority to carry out certain acts separate and apart from the Department, e.g., the Board may invest and reinvest any funds and lease any real or personal property or sell personal property and invest the proceeds for the benefit of the Department. 43A O.S. § 2-106(2). Critically and germane to the issues raised in the Defendants' motion to dismiss:

A. When the Department of Mental Health and Substance Abuse Services has reason to believe that any individual receiving services from a facility operated by, certified by, or under contract with the Department has been wrongfully deprived of liberty, or is cruelly, negligently or improperly treated, or inadequate provision is made for the individual's appropriate medical care, proper supervision and safe keeping, the Department may ascertain the facts or may require an investigation of the facts.

B. The Board shall establish and maintain a fair, simple and expeditious system for resolution of complaints of all individuals receiving such services.

43A O.S. § 2-108(A)(B). This statute imposes duties on the Board that are relevant to Michael DeLong's investigations and recommendations concerning the NARCONON facility and raises questions, to be resolved in the discovery process, as to what the Board was told and what actions the Board undertook to resolve the very serious complaints about NARCONON. Just as in *Newby v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety*, Plaintiff has pled sufficient facts to permit his claim to go forward:

Plaintiff argues that it can only learn of what DPS knew or didn't know regarding the individual Defendants' prior activities through discovery and that she has set forth sufficient factual allegations to permit the claim to go forward. The Court finds Plaintiff's arguments well founded. While ultimately she may be unable to prove the requisite knowledge on the part of Defendant DPS, at this stage Plaintiff has sufficiently pleaded or raised allegations of the existence of that knowledge which warrant permitting the claim to proceed further. Accordingly, Defendant's Motion to Dismiss will be denied on this point.

2011 WL 6883735, at *2 (W.D. Okla. Dec. 28, 2011). And finally, the Mental Health Law provides that the Department may purchase, with public funds, *insurance to protect against malpractice and **other liability** on the part of professional staff and other employees, administrators and members of the Board of Mental Health and Substance Abuse Services.* 43A O.S. § 2-304 (emphasis added). The statute contains the proviso that

the "section shall not be construed to make the state, the Board, or any division of the Department of Mental Health and Substance Abuse Services liable for damages from any cause." Though not dispositive, this provision raises a reasonable inference that a suit against the Board is not barred as a matter of law.

As illustrated in this response, because the Board has independent duties and responsibilities separate and apart from the Department, the claims against the Board are not duplicative. Once again, the only authority cited in support of Defendants' argument is case law dealing with school boards. These cases are not persuasive given the explicit statutory and administrative rules governing the Board. In sum, Defendants present no legal authority to this Court that countenance dismissing the Board from this lawsuit. Defendants' motion to dismiss the Board should be denied.

## II.     Michael DeLong's Claims are not Barred by *Shephard v. Compsource*.
### A.     The Oklahoma Whistleblower Act is not Plaintiff's Exclusive Remedy.

Defendants challenge Plaintiff Michael Delong's claim for wrongful discharge in violation of Oklahoma's public policy, or what is commonly known as a *Burk* tort. *See Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989). In *Burk*, the Oklahoma Supreme Court first fashioned a public policy exception to the employment "at-will" concept. "A viable *Burk* claim must allege (1) an actual or constructive discharge (2) of an at-will employee (3) in significant part for a reason that violates an Oklahoma public policy goal (4) that is found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (5) no statutory remedy

exists that is adequate to protect the Oklahoma policy goal." *Vasek v. Board of County Com'rs of Noble County*, 186 P.3d 928, 932 (Okla. 2008) (citations omitted).

In their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim establishing a *Burk* tort because the Oklahoma Supreme Court has determined that the exclusive remedy for the actions complained of in Michael DeLong's first amended complaint fall within the protections of the Oklahoma Whistleblower Act, 74 Okla. Stat. § 840-2.5 *et seq*. In support of this contention, Defendants rely upon the Oklahoma Supreme Court's decision in *Shephard v. CompSource*, 209 P.3d 288 (Okla. 2009). In *Shephard*, the Oklahoma Supreme Court determined that a *Burk* tort could not lie for violation of the Whistleblower Act as that Act provided an adequate remedy.

The argument made by the Department and the Board in this motion to dismiss was also made in *Newby v. State of Oklahoma*, 2011 WL 6883735 *1 (W.D. Okla. 2011), to-wit:

> Defendant DPS argues that Counts 4 and 5 of Plaintiff's Second Amended Complaint must be dismissed, as the Oklahoma Supreme Court has determined that the exclusive remedy for the actions complained of therein falls within the Oklahoma Whistleblower Act, 74 Okla. Stat. § 840–2.5 et seq. Specifically, Defendant DPS relies upon the Oklahoma Supreme Court's decision in *Shephard v. CompSource Okla.,* 2009 OK 25, 209 P.3d 288.

The plaintiff in *Newby* pointed out that the allegations in her complaint did not rely on the Oklahoma Whistleblower Act to establish public policy. *Id*. In finding that these arguments were well founded, the Court framed the real issue as "whether or not the statutory and constitutional provisions referenced by Plaintiff could create public policy, a violation of

which would give rise to a *Burk* tort." *See id*. The Court found that either of plaintiff's claims could give rise to a *Burk* tort and cautioned the defendant that the court in *Shephard* only precluded assertion of a *Burk* tort claim premised on a violation of the Whistleblower Act. *Id*. at *2 ("[w]hile Defendant is correct that *Shephard* specifically precluded assertion of a *Burk* tort claim premised on a violation of the Oklahoma Whistleblower Act, that case did not reach as far as Defendant DPS argues").

## B. Michael DeLong has Sufficiently Pled a Public-Policy Basis for his *Burk* Claim.

Even a cursory reading of Plaintiff's First Amended Complaint makes clear that Michael DeLong's pleadings do not rely on the Oklahoma Whistleblower Act to establish the public policy asserted. As such, as set out in *Trant v. Oklahoma*, 874 F. Supp. 2d 1294, 1304 (W.D. Okla. 2012), Plaintiff may properly assert public-policy as the basis for *Burk* claim. Michael DeLong has provided a clear articulation of public policy to support his *Burk* claim sufficient to overcome a motion to dismiss. As explained by the Oklahoma Supreme Court:

> we believe the circumstances which present an actionable tort claim under Oklahoma law is where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy.

*Burk*, 770 P.2d at 29; *see also*, *Murphy v. Spring*, 2013 WL 5172951, at *3 (N.D. Okla. Sept. 12, 2013) (observing that in 1989, the Oklahoma Supreme Court created a narrow "public policy" exception to the employment-at-will doctrine, which is commonly referred to as a *Burk* tort).

**Sexual Harrassment**

In the first instance, Plaintiff Michael DeLong spoke out on interference with and suppression of reports on several interdepartmental sexual harassment claims involving high ranking employees and expressed opposition to sexual harassment within the Department.   (Doc. No. 21, Am. Compl. at 75)  This speech reflects a clearly articulated public policy which castigates sexual harassment in the workplace as set out in Oklahoma's Anti-Discrimination Act, 25 O.S.1991 § 1302.  *Collier v. Insignia Fin. Grp.*, 981 P.2d 321, 324-25 (Okla. 1999).   Plaintiff has identified this policy and has correspondingly claimed that the existing statutory remedy found in Oklahoma's Anti-Discrimination Act, 25 O.S.1991 § 1302 did not adequately protect the public policy espoused.  (Doc. No. 21, Am. Compl. at ¶¶ 76-77)  As the Oklahoma Supreme Court observed, the remedies found in the Anti-Discrimination Act do not encompass the broad range of wrongful discharges that could be addressed in a *Burk* tort so that Plaintiff has no adequate remedy at law for the wrongful discharge claims asserted. *Collier,* 981 P.2d at 326.

**Alcoholism and Drug Abuse**

Michael DeLong's work at the Department directly involved state programs for the control and treatment of alcoholism and drug abuse.  This work implements the public policy of the state of Oklahoma that recognizes alcoholism and drug abuse as illnesses and public health problems subject to medical treatment and other therapeutic intervention and abatement:

> It is hereby declared to be the public policy of this state to recognize
> alcoholism and drug abuse as illnesses and public health problems affecting
> the health, safety, morals, economy and general welfare of the state; to
> recognize alcoholism and drug abuse as illnesses subject to medical
> treatment and other therapeutic intervention and abatement; and to recognize
> that the sufferer of alcoholism and drug abuse is entitled to treatment and
> rehabilitation. The purpose of this act is to establish means whereby the
> appropriate resources of this state may be most fully and effectively focused
> upon the problems of alcoholism and drug abuse and utilized in
> implementing programs for the control and treatment of these illnesses.

Okla. Stat. Ann. tit. 43A, § 3-402 (West). Michael DeLong's discharge from employment resulted from his efforts to bring to light a report that revealed potential wrongdoing in the state-licensed NARCONON drug treatment facility that involved the death of three Oklahoma citizens while patients of the facility. (Doc. No. 21, Am. Compl. at ¶¶ 78-80.)

### Art. 2 § 22 of the Oklahoma Constitution

As a further basis for Plaintiff's Burk tort claim, Michael DeLong alleged that he was discharged from his employment for expressing sentiments regarding Defendants' refusal to publish an official report of wrongdoing at an Oklahoma-licensed alcohol and drug treatment facility. (Doc. No. 21, Am. Compl. at ¶ 81). This, he pleaded, was in violation of Art. 2 § 22 of the Oklahoma Constitution:

> Every person may freely speak, write, or publish his sentiments on all
> subjects, being responsible for the abuse of that right; and no law shall be
> passed to restrain or abridge the liberty of speech or of the press. In all
> criminal prosecutions for libel, the truth of the matter alleged to be libelous
> may be given in evidence to the jury, and if it shall appear to the jury that
> the matter charged as libelous be true, and was written or published with
> good motives and for justifiable ends, the party shall be acquitted.

(Doc. No. 21, Am. Compl. at ¶ 82) In sum, Plaintiff has pleaded an actionable *Burk* tort claim under Oklahoma law based on compelling public policy concerns articulated in state

constitutional and statutory law.  *Wilburn v. Mid-South Health Development, Inc.,* 343 F.3d 1274, 1277 (10th Cir. 2003).

Despite Defendants' efforts to defeat Michael DeLong's *Burk* claim, the Oklahoma Supreme Court is clear on this point, i.e., "[b]ecause Plaintiff asserts Article 2 § 22 as the public-policy basis for his *Burk* claim, not the Whistleblower Act—the asserted public-policy basis in *Shepard*—he is not foreclosed from asserting a *Burk* tort claim." *Trant v. Oklahoma*, 874 F. Supp. 2d 1294, 1304 (W.D. Okla. 2012) *aff'd,* 754 F.3d 1158 (10th Cir. 2014); *see also*, *In re Initiative Petition No. 366*, 46 P.3d 123, 126-27 (Okla. 2002) (noting that the "Oklahoma Constitution is more protective of speech than is the United States Constitution").  Relying on the clear language in this Court's decision in *Trant*, *supra*, Defendants' motion to dismiss Plaintiff's *Burk* claims should be dismissed because Michael DeLong has asserted a legitimate public-policy basis for his claim.

## III. Plaintiff Has Pled a Cognizable Negligence Claim.

### A. Whether or Not the Oklahoma Supreme Court Would Recognize a Claim Based on Negligent Training and Retention in the Context of a Co-employee is an Unsettled Issue under Oklahoma Law.

Plaintiff has pled a direct negligence claim asserting that the Board and the Department owed Michael DeLong a duty of care in training, supervising and retaining employees in the Department of Mental Health and Substance Abuse Services. (Doc. No. 21, Am. Compl. at ¶ 99).  The Employee Defendants, Terry White, Durand Crosby and Cratus Dewayne Moore, occupied positions of authority and responsibility and misused

that authority by retaliating against the Plaintiff in a way that was detrimental to him. As stated:

> The Department and the Board knew that the Leadership employees had a tendency to show preferential treatment to high ranking employees or personal friends to the detriment of other employees in the Department, including Plaintiff Michael DeLong, especially in matters of professional review and discipline.

(Doc. No. 21, Am. Compl at ¶ 68).

Defendants maintain that Plaintiff's negligent training/supervision should be dismissed because it would be creating a new exception to Oklahoma's at-will employment doctrine. Secondly, Defendants contend there is no "evidence" that Oklahoma Supreme Court would recognize Michael DeLong's negligent training/supervision cause of action because it involves co-employees. This alleged lack of evidence as to what the Oklahoma Supreme Court would do or not do in terms of extending this negligence tort to the conduct of co-employees is not definitive. What is germane to the issue is whether Plaintiff should be given the opportunity to discover the facts necessary to establish his claim.

**B.    The Issue Before this Court is Whether the Defendants Knew or Should Have Known that the Conduct of Michael DeLong's Co-Employees Presented an Undue Risk of Harm.**

Oklahoma law recognizes a cause of action for negligent hiring. *Jordan v. Cates*, 935 P.2d 289, 292 (Okla. 1997). The cause of action is a direct liability claim against the employer for hiring or retaining an unsuitable employee. *Id*. It is, however, not without limitations. As the court stated in *Jordan*, the tort is not available when an employer stipulates to liability under the *respondeat superior* doctrine. *Id*. In this case, the Board

and the Department have not stipulated to liability for the actions of the Employee Defendants.

The critical element in claims for negligent hiring, retention or supervision is the employer's prior knowledge of the "employee's propensities to create the *specific danger resulting in damage" N.H. v. Presbyterian Church (U.S.A.)*, 998 P. 2d 592, 600-601, 1999 OK 88, ¶ 21 (Okla. 1999).    The employer's prior knowledge is crucial and cannot be determined absent discovery.  Faced with a similar circumstance, this Court has allowed discovery to go forward before deciding if the plaintiff had sufficiently pled a cause of action for negligent supervision, training, and retention:

> Finally, Defendant DPS challenges Plaintiff's claim for negligent supervision, training, and retention. Defendant argues that Plaintiff cannot demonstrate that Defendant DPS was aware of any dangerous propensities or tendencies of Defendants Ward, Alexander, Poe, Thompson, and/or Dickson. According to Defendant, there is nothing stated in the Second Amended Petition indicating any prior unlawful retaliation by the named Defendants or DPS's prior knowledge that they had engaged in unlawful retaliation. Defendant argues that because Plaintiff cannot show that it had prior knowledge of the propensity for these individual Defendants to act inappropriately it cannot be held responsible for negligently training, supervising, or retaining them. In response, Plaintiff argue that it can only learn of what DPS knew or didn't know regarding the individual Defendants' prior activities through discovery and that she has set forth sufficient factual allegations to permit the claim to go forward.

> The Court finds Plaintiff's arguments well founded. While ultimately she may be unable to prove the requisite knowledge on the part of Defendant DPS, at this stage Plaintiff has sufficiently pleaded or raised allegations of the existence of that knowledge which warrant permitting the claim to proceed further. Accordingly, Defendant's Motion to Dismiss will be denied on this point.

Newby, 2011 WL 6883735, at *2.  Plaintiff respectfully requests that he be allowed to conduct discovery on this issue prior to a final resolution.

### C.  Because There is a Special Relationship Between the Board and the Department and Patients in State-licensed Mental Health and Substance Abuse, Defendants Are Not Immune from Liability.

The Governmental Tort Claims Act (the "Act") waives sovereign immunity in some cases but excepts discretionary acts of the state or its employees from this waiver. 51 O.S. §§ 151-172. There are 30 enumerated exemptions from liability in 51 O.S.1991, § 155. *Carlson v. City of Broken Arrow*, 884 P.2d 1209 (Okla. App. Div. 1 1994).  Subparagraph 5, the discretionary function exemption, provides:

> [t]he state or a political subdivision shall not be liable if a loss or claim results from:  5. Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees.

*Id*. at 1211-112 (citing 51 O.S.1991, § 155(5)).  The exemption is "extremely limited" because a broad interpretation of the exemption would basically eradicate the government's general waiver of immunity. *Id*. at 1212 (citing *Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990)).

As explained in *Carlson*, under the approach adopted in *Nguyen*, initial policy level or planning decisions are considered discretionary functions and immune, while operational level decisions made in the performance of policy are considered ministerial and not exempt from liability.  *Id*. (citing *Nguyen* at 964-965). Under this

approach, the government is subject to liability for routine decisions and for daily implementation of the policy or planning level decision, but retains immunity with respect to the formulation of the policy. *See id.*

In this case, the policy of the Department was clearly established:

> § 1-104. Public Policy  The Oklahoma Legislature hereby declares that the public policy of this state is to assure adequate treatment of persons alleged to be in need of mental health treatment or treatment for drug or alcohol abuse, to establish behavioral standards for determination of dangerousness of persons in need of such treatment, to allow for the use of the least restrictive alternative in the determination of the method of treatment, to provide orderly and reliable procedures for commitment of persons alleged to be in need of treatment consistent with due process of law, and to protect the rights of consumers hospitalized pursuant to law.

43A O.S. § 1-104.   Clearly, it was within the purview of the Defendants to implement this policy by properly training and supervising its employees to protect the rights of Oklahoma citizens in the care of the Department by facilitating investigations into deaths occurring at the NARCONON facility.

Defendants argue that the Department is immunized from Plaintiff's negligence claim under the "discretionary function" exception to the Act.  51 O.S. § 155(5).  In support of their argument, Defendants rely on *Allen v. Justice Alma Wilson Seeworth Acad., Inc.*, 2012 WL 1298588, at *1-2 (W.D. Okla. 2012) and *Benedix v. Indep. Sch. Dist. No. 1-007 of Oklahoma Cnty., Okla.*, 2009 WL 975145 (W.D. Okla. 2013).  Neither of these opinions is dispositive of the immunity issue.

First, as fully explored in Section I of this response, the liability of a school board does not necessarily equate with the liability of the Board governing the Department of Mental Health and Substance Abuse.

Secondly, in the *Allen* case this Court found "no controlling authority concerning the issue before the court—whether a school board's training, supervision, and retention of its employees is discretionary or operational." 2012 WL 1298588, at *1; *see also*, *Young v. Oklahoma City Pub. Sch., Indep. Sch. Dist. 89*, 2013 WL 6567144, at *3 (W.D. Okla. Dec. 2013)(observing that there are no controlling decision by the Oklahoma Supreme Court on whether the GTCA deems the act of supervising its employees is a discretionary act). Courts have reached differing conclusions.

As explained by this Court in *Allen v. Justice Alma Wilson Seeworth Acad., Inc.*, 2012 WL 1298588 (W.D. Okla. 2012):

> both parties have identified federal district court cases interpreting the OGTCA which tend to support their respective positions. *See Benedix v. Indep. Sch. Dist. No. I–007 of Okla. County, Okla.,* No. CIV–08–1060–D, 2009 WL 975145, at *3 (W.D. Okla. April 9, 2009) (holding that a school district's decisions concerning the hiring, retention, and supervision of its superintendent are ordinarily discretionary decisions); *J.M. v. Hilldale Indep. Sch. Dist. No. I–29 of Muskogee County, Okla.,* No. CIV 07–367–JHP, 2008 WL 2944997, at * *12–13 (E.D. Okla. July 25, 2008) (holding the discretionary function exemption does not apply to claims against a school district for negligent supervision of its teachers).

*Id*. at *1

In *Hilldale*, the court found that plaintiff's petition validly state a claim against the school district for negligent supervision because the plaintiff recognized a duty on the part of the school district to keep the plaintiff student safe from danger. 2008 WL 2944997 at *12.  In support of this finding, the Court reasoned:

> The court found that "[w]hen a special relationship between the parties exists and when the occurrence of harm or damage to one party is foreseeable, a legal duty to control the actions of third persons will be found." *Id.* citing *Wofford v. Eastern State Hospital,* 795 P.2d 516, 519 (Okla.1990). "Other Courts have imposed liability on a school when foreseeable acts of third parties cause harm to students in the school's care. *Id.* citing *Kansas State Bank and Trust Co. v. Specialized Transportation Services, Inc.,* 819 P.2d 587 (199; *Randell v. Tulsa Independent School District No. 1,* 889 P.2d 1264 (1994)

*See id*.  Given that the declared public policy of the state of Oklahoma is "to assure adequate treatment of persons alleged to be in need of mental health treatment or treatment for drug or alcohol abuse," there is a special relationship between Defendants and the patients in facilities licensed by the Department.  Furthermore, it is foreseeable that these patients could be harmed by acts of third party because of the concerted efforts of the Employee Defendants to suppress Michael DeLong's findings related to NARCONON. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has pled a plausible claim for relief. This Court may properly find that the Department and the Board are liable for negligent supervision that resulted in the failure to keep the patients at NARCONON safe from injury.

## IV. Plaintiff States a Retaliation Claim Under Title VII.

The Department and the Board go to great lengths to discredit Michael DeLong's cause of action based upon Title VII retaliation alleging primarily that his first amended complaint contains only a formulaic recitation of the elements of a retaliation claim. More narrowly, Defendants claim that Michael DeLong "does not plausibly allege that he engaged in protected activity."

A review of Plaintiff's first amended complaint shows clearly that he has alleged a plausible claim for illegal retaliation in violation Title VII including engaging in a protected activity. As noted by the Tenth Circuit, even in the aftermath of *Twombly* and *Iqbal,* "Rule 8(a)(2) still lives." *Khalik v. United Airlines,* 671 F.3d 1188, 1191 (10th Cir. 2012)(discussing the "refined standard" articulated in *Iqbal* and *Twombly* and concluding that "[t]here is no indication that the Supreme Court intended to return to the more stringent pre-Rule 8 pleading requirements.").

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the complaint to contain factual allegations so detailed that all possible defenses would be obviated. The factual allegations need only contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at _____.

Under the rubric set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), the plaintiff must first establish a prima facie case of discrimination or retaliation.

*Conroy v. Vilsack*, 707 F.3d 1163, 1171 (10th Cir. 2013). To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal nexus between the protected activity and the employer's adverse action. *See Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir. 1999). Title VII protects employees from retaliation for opposing, or making or supporting a complaint about, unlawful employment practices. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2530 (2013) (citing 42 U.S.C.A. § 2000e–3(a)). The antiretaliation provision states, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C.A. § 2000e–3(a).

As properly pled in Plaintiff's amended complaint, Michael DeLong was retaliated against by his employers for engaging in a protected activity involving the investigation of and reporting on of unlawful employment practices within the Department related to sexual harassment and the creation of a sexually hostile work environment in violation of Title VII, 42 U.S.C. §2000e(b). (Doc. 21, Am. Compl. at ¶ 47) He further pled:

> As a result of Michael DeLong's refusal to be silent on issues of sexual harassment within the Department, he suffered an adverse employment action in the form of discharge from employment in the Department.

> This adverse employment action constitutes unlawful retaliation in violation of Title VII's prohibition against discrimination against an employee who made a charge, testified, assisted, or participated in a Title VII investigation pursuant to 42 U.S.C.A.§ 2000e–3(a).

22

> As a result of the retaliation and the wrongful acts of the Department and the Board, Michael DeLong has lost all of the benefits and privileges of his employment and suffered damages in lost wages and benefits, damage to reputation, lost opportunity for advancement and training, mental stress, and pain and suffering.

(Doc. 21, Am. Compl. at ¶¶ 48-50)

Even a cursory look at the motion to dismiss this cause of action reveals that the Department and the Board are attempting to make Plaintiff's claims into something they are not, i.e., a complaint by an employee that a supervisor was giving preferential treatment to a paramour. Michael DeLong's complaint is clearly premised on the retaliatory actions made against him for *investigating* claims made by other employees in the Department. Contrary to Defendants' assertion in footnote 7 of their motion to dismiss, Michael DeLong did not plead that sexual harassment claims within the Department were being conducted by an outside party and not himself. Paragraph 39 reads:

> The investigation into the sexual harassment **involving the suspended employee "witness"** was allegedly being conducted by an outside party because of a long standing friendship between Kimberly Poff and the employee victim of sexual harassment.

(Doc. 21, Am. Compl. at ¶ 39). The language is certain: the outside party was investigating allegations of sexual harassment by a suspended Department employee who was a friend of Kimberly Poff.

In addition, as set out in Michael DeLong's EEOC Charge, prior to his termination he was "in the process of initiating a sexual harassment claim made by another subordinate of Mr. Moore's." (Doc. No. 1, Ex. 1). In other words, Plaintiff was assisting another employee in the preparation of an EEOC claim. As set out in *Zokari, v. Gates*:

In relation to the first element, Title VII prohibits an employer from discriminating against an employee because he has "participated in any manner in an investigation, proceeding, or hearing under this subchapter."42 U.S.C. § 2000e-3(a). The participation clause of Title VII "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC...."*EEOC v. Total Sys. Servs., Inc.,* 221 F.3d 1171, 1174 (11th Cir.2000).

*Zokari v. Gates,* 2007 WL 853734, at *2 (W.D. Okla. Mar. 16, 2007) *aff'd,* 561 F.3d 1076

(10th Cir. 2009).

As set out in Michael Delong's first amended complaint in numbered paragraphs

(and incorporated into his cause of action by reference):

19.    Michael DeLong was hired in February 2010 as an Investigator in the ODMHSAS and during his employment was promoted to an Investigator II.

20.    Michael DeLong's duties as an Investigator were to investigate misconduct, not only within state-operated facilities, but also within management and staff of ODMHSAS.

21.    Michael DeLong received positive employment reviews, raises, and promotions during his tenure at ODMHSAS, all indicating he was a good employee who performed well in his position.

26.    During Michael DeLong's employment with the Department, employees made allegations of sexual misconduct against General Counsel Dewayne Moore regarding an alleged affair between Mr. Moore and a member of his staff who Mr. Moore directly supervised.

27.    A third party sexual harassment claim was made to Michael DeLong regarding alleged preferential treatment shown to the direct report of Mr. Moore.    The complaint alleged that there was a quid pro quo sexual harassment environment created by the conduct and the resulting promotion of the employee involved in the affair and a hostile work environment.

28.    On information and belief, Mr. Moore received favorable treatment with regard to claims of direct and third party sexual harassment made against him than that which would have been afforded to other employees because of his longstanding friendship with Mr. Crosby.    As a result there was no full independent investigation into the allegations of misconduct

surrounding his sexual relationship with an employee who reported directly
to him.

(Doc. 21, ¶¶ 19-21; 27-28).   Taken as a whole, Plaintiff has pled all of the elements

necessary to establish a prima facie case retaliation under Title VII.  If this Court requires

additional factual assertions, Plaintiff asks for leave to amend pursuant to Fed. R. Civ. P.

15(a).

## V.   Punitive Damages Against the Department Are Excluded Under Specific Statutory Enactments.

Plaintiff acknowledges that pursuant to 51 O.S. § 154(C), "[n]o award for damages

in an action or any claim against the state or a political subdivision shall include punitive

or exemplary damages.  Plaintiff agrees that Title VII exempts government agencies from

punitive damages:

> (b) Compensatory and punitive damages
> (1) Determination of punitive damages
> A complaining party may recover punitive damages under this section
> against a respondent (other than a government, government agency or
> political subdivision) if the complaining party demonstrates that the
> respondent engaged in a discriminatory practice or discriminatory practices
> with malice or with reckless indifference to the federally protected rights of
> an aggrieved individual.

42 U.S.C. § 1981a(b)(b).   If leave to amend is granted, Plaintiff will voluntarily

dismiss claims for punitive damages against the Department pursuant to 51 O.S. §

154(C) and 42 U.S.C. § 1981a(b)(b).

## CONCLUSION

Plaintiff Michael DeLong asks the Court to deny the motion to dismiss filed by the Department and the Board in its entirety. In the alternative, Plaintiff asks for leave of court to file a Second Amended Complai under Federal Rule of Civil Procedure 15 to respond to any deficiencies identified by this Court.

Respectfully submitted,

s/Rachel Bussett
Rachel L. Bussett, OBA 19769
Bussett Law Firm, PC
3555 N.W. 58th St., Suite 1010
Oklahoma City, OK 73112
405-607-4885
405-601-7765
Rachel@Bussettlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2015, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Victor F. Albert, OBA #12069
Adam P. Montessi, OBA #31157
CONNER & WINTERS, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102
valbert@cwlaw.com
amontessi@cwlaw.com
*Attorney for Defendants State of Oklahoma ex rel The Oklahoma Department of Mental Health and Substance Abuse Services and The Board of Directors for The Oklahoma Department of Mental Health and Substance Abuse Services*

Jeremy Tubb, OBA #16739

Matthew S. Panach, OBA #22262
FULLER, TUBB, BICKFORD & KRAHL, PLLC
201 Robert S. Kerr, Suite 1000
Oklahoma City, OK 73102
jeremy.tubb@fullertubb.com
panach@fullertubb.com
*Attorneys for Defendants Terri White, Durand Crosby, Cratus Dewayne Moore, and Ellen Buettner*


s/Rachel L. Bussett
Rachel L. Bussett