# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1)   MICHAEL DELONG, | |
| Plaintiff, | |
| v. | Case No. 5:14-cv-01439-C |
| (1)   STATE OF OKLAHOMA *ex rel* THE OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; | |
| (2)   THE BOARD OF DIRECTORS FOR THE OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; | |
| (3)   TERRY WHITE, Commissioner and Chief Executive Officer of the Oklahoma Department of Mental Health And Substance Abuse Services; | |
| (4)   DURAND CROSBY, Chief Operating Officer of the Oklahoma Department of Mental Health And Substance Abuse Services; and | |
| (5)   CRATUS DEWAYNE MOORE, General Counsel of Oklahoma Department of Mental Health And Substance Abuse Services | |
| Defendants. | |

## THE DEPARTMENT AND BOARD'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants The State of Oklahoma *ex rel.* the Oklahoma Department of Mental Health and Substance Abuse Services (the "Department") and The Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services (the "Board"), reply as follows in support of their Motion to Dismiss Plaintiff's First Amended Complaint:

1

I.  **The fact that the Board has considerable authority over the Department is irrelevant to the issue of whether the Board is a separate, suable entity.**

In his Response to the Department and Board's Motion to Dismiss [Dkt. 28] ("*Response*"), Plaintiff argues that because the Board has "authority over the Department," the Board is a separate, suable entity.  *Response* at 5.  Plaintiff's argument is misguided.

The Board is a collection of individuals with the ultimate responsibility for making decisions on behalf of the Department.  43A O.S. §§ 2-101(A)(2), 2-103.  There is no dispute that the Board governs the Department and has considerable authority over its affairs.

Plaintiff contends the Board has authority "separate and apart from the Department" because the Board can obtain property interests "for the benefit of the Department." *Response* at 7.  The fact that the Board may obtain property interests on behalf of the Department in no way shows that the Board is "separate" from the Department.  The Board is incapable of owning property in its own name.  43A O.S. §§ 2-106, -107, -111.

Accordingly, even if Plaintiff's claims had any merit, he could not recover a judgment from the Board.  Any judgment against the Board would necessarily be a judgment against the Department.  Thus, although Plaintiff attempts to downplay cases involving school districts and corporations, the situations are indistinguishable.  *See Primeaux v. Indep. Sch. Dist. No. 5 of Tulsa Cnty. Okla.*, 954 F. Supp. 2d 1292, 1295 (N.D. Okla. 2012) ([A]ny judgment against the board necessarily is against the school district.") (quoting *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F.Supp.2d 1295, 1300 (D. Kan. 2006)); *Flarey v. Youngstown Osteopathic Hosp.*, 783 N.E.2d 582, 585 (Ohio App. 2002) ("A board of directors may not own property in its own name.  Thus, any judgment against it could not be recovered from the collective group.").

Plaintiff also points to 43A O.S. § 2-304, which permits the Department to purchase

liability insurance for "members of the Board," as evidence that the Board is an independent entity. *Response* at 8. If anything, the fact that the Department can purchase liability insurance for individual members of the Board, but not the Board as a whole, is evidence that the Board is not a separate, suable entity. *See Flarey*, 783 N.E.2d at 586 ("[T]he fact that the board is not a separate entity capable of being sued is demonstrated by the fact that corporations can indemnify individual members of its board of directors, but not the board of directors as a whole. A board of directors is not a separate entity . . . .").

Finally, Plaintiff offers no legitimate reason why, even if the Board was a separate entity, the Board should be a party to this case. Plaintiff claims that he will need discovery about what the Board "was told" and "what actions the Board undertook." *Response* at 8. If any claims against the Department survive the pleading stage, Plaintiff's ability to obtain this information will not be impaired. *See, e.g.*, Fed R. Civ. P. 30(b)(6) (providing that a governmental agency must designate directors or other representatives to testify on its behalf); Fed. R. Civ. P. 33(b)(1)(B) (providing that the officers and agents of a governmental agency must furnish relevant information). Therefore, even if the Board was a separate entity, the claims against the Board are duplicative and clutter this litigation with an unnecessary party.[1]

## II.  Plaintiff fails to distinguish this case from *Shephard*.

In its Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 24] ("*Motion to Dismiss*"), the Department established that Plaintiff's *Burk* claim is barred because it is

---

[1] Because the Board is not a separate entity, the remainder of this Reply refers to the Board and Department collectively as the "Department." However, to the extent this Court rules the Board is a separate entity, arguments asserted on behalf of the Department apply equally to the Board.

covered by an existing statutory remedy—the Oklahoma Whistleblower Act. *Motion to Dismiss* at 6-9. Under the Oklahoma Supreme Court's holding in *Shephard v. Compsource*, 209 P.3d 288, 292 (Okla. 2009), a plaintiff may not resort to a tort claim if his allegations are covered by the Act.

The Department acknowledged that this Court had allowed similar claims to proceed in *Trant v. Oklahoma*, 874 F. Supp. 2d 1294 (W.D. Okla. 2012) and *Newby v. Oklahoma ex rel. Oklahoma Dep't of Pub. Safety*, 2011 WL 6883735 (W.D. Okla. 2011). *Motion to Dismiss* at 7-8. The Department demonstrated, however, that the reasoning in *Trant* and *Newby* was based on an incorrect assumption—that the plaintiff in *Shephard* relied on the Whistleblower Act as the public-policy basis for her *Burk* claim. The first amended petition and an appellate brief from *Shephard* clearly show that the plaintiff in that case did not rely on the Whistleblower Act. *Motion to Dismiss* at Exs. 1-2.

Based on this evidence, which was not presented to the *Trant* and *Newby* courts, the Department explained that the dispositive issue under *Shephard* is whether a plaintiff's allegations are covered by the Act. *See Motion to Dismiss* at 8-9 (noting that in *Shephard*, 209 P.3d at 291, the plaintiff "and her alleged reporting of illegal travel claims [were] covered by the Whistleblower Act," even though the plaintiff did not rely on the Act as the public-policy basis for her *Burk* claim). Furthermore, if a plaintiff was able to sidestep the Act by asserting a *Burk* tort based upon public policies other than the Act, the holding in *Shephard* would be eviscerated. *Motion to Dismiss* at n.3.

Nevertheless, Plaintiff completely ignored the Department's arguments and supporting exhibits, which prove that the plaintiff in *Shephard* did not rely upon the Whistleblower Act. Instead, Plaintiff's entire argument is that this Court should allow his

*Burk* claim to proceed because he does "not rely on the Oklahoma Whistleblower Act to establish the public policy asserted." *Response* at 11.[2]  Plaintiff does not contend (nor can he) that his allegations fall outside the ambit of the Act.

Consequently, Plaintiff's *Burk* claim must be dismissed.  Just like in *Shephard*, Plaintiff relies on sources of public policy other than the Act, including Okla. Const. art. II, § 22.  And, just like in *Shephard*, Plaintiff's allegations (i.e., that he was terminated because he "spoke out" about "wrongful" governmental activities) are covered by the Act.  Plaintiff has offered no evidence or argument that his claim is distinguishable from the claim the *Shephard* court concluded was correctly dismissed by the trial court as a matter of law.

This Court is bound by Oklahoma Supreme Court precedent on issues of state law. *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007).  The Oklahoma Supreme Court has held that the Whistleblower Act is the exclusive remedy for an employee who claims he was terminated for reporting wrongful governmental activities, and that he may not "resort to a tort cause of action." *Shephard*, 209 P.3d at 293; *see also Rouse v. Grand River Dam Auth.*, 326 P.3d 1139, 1140 (Okla. 2014); *MacDonald*, 321 P.3d at 984 (Okla. 2014).  Because Plaintiff failed to distinguish his *Burk* claim from the one asserted in

---

[2] Plaintiff asserts the Oklahoma Anti-Discrimination Act does not adequately protect against sexual harassment in the workplace. *Response* at 13-14 (citing *Collier v. Insignia Fin. Grp.*, 981 P.2d 321 (Okla. 1999)).  In *Collier*, the court allowed a ***victim*** of sexual harassment to maintain a *Burk* claim because the OADA did not afford "victims of sexual harassment the same remedy as . . . handicap-discrimination victims."  981 P.2d at 326.  Here, Plaintiff does not allege he is a victim of sexual harassment—he alleges he was discharged for purportedly speaking out about sexual harassment. *Amended Complaint* at ¶ 75.  In *Shephard*, the court squarely held that the remedies in the Whistleblower Act adequately protect employees—like Plaintiff—who allegedly report "wrongful governmental activities." 209 P.3d at 292.  In any event, *Collier* has been superseded and *Burk* claims have not been available for employment-based discrimination since the OADA was amended in 2011. *See generally MacDonald v. Corporate Integris Health*, 321 P.3d 980 (Okla. 2014).

*Shephard*, Plaintiff's *Burk* claim should be dismissed.

### III.  Plaintiff is not entitled to discovery on his legally barred negligence claim.

#### A.  A plaintiff is only entitled to discovery if he has pled a cognizable claim.

Plaintiff offers no authority suggesting the Oklahoma Supreme Court would recognize a claim for negligent training/supervision in the context of alleged harm to a co-employee rather than a third party.   Instead, Plaintiff argues he "should be given the opportunity to discover the facts necessary to establish his claim."   *Response* at 15. Plaintiff's argument puts the cart before the horse—a party is only entitled to discovery if he has pled a cognizable claim.  The parties should not waste time in discovery trying to prove or disprove a claim if it is legally barred.  *See, e.g.*, *Church v. Oklahoma Corr. Indus.*, 2011 WL 4383337, at *1 (W.D. Okla. 2011) (explaining that discovery "would not assist" the plaintiff because his claim was barred as a matter of law); *Miskovsky v. Gray*, 109 Fed. App'x 245, 247 (10th Cir. 2004) (accord).

There is no reason for this Court to defer ruling on the purely legal question of whether Plaintiff's negligence claim is cognizable.  *Cole v. CSC Applied Technologies, LLC*, 2008 WL 2705458, at *3 (W.D. Okla. 2008).  "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do."  *TMJ Implants*, 498 F.3d at 1180.  Here, all of the evidence suggests that the Oklahoma Supreme Court would reject Plaintiff's negligence claim.  *See Diffenderfer v. Aeromet, Inc.*, 852 P.2d 798, 800 (Okla. Civ. App. 1993) (holding that Oklahoma law does not recognize a claim for "'negligent termination' in employment practices"); *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1292 (10th Cir. 1998).  Consequently, Plaintiff's negligence claim should be dismissed.

**B.   Under this Court's precedent, the Department would be immune from Plaintiff's negligence claim even if it was a legally cognizable claim.**

In arguing that the Department is not immune from his negligent training/supervision claim, Plaintiff relies on *J.M. v. Hilldale Indep. Sch. Dist. No. I-29 of Muskogee Cnty., Oklahoma*, 2008 WL 2944997 (E.D. Okla. 2008).  In *Hilldale*, the court found that a school district's alleged failure to supervise a teacher (as opposed to the upper-level administrators at issue in this case) was not "discretionary" for purposes of immunity under the Oklahoma Governmental Tort Claims Act ("GTCA").  *Id*. at *12-*13.  "But this Court, like others, has undertaken its own analysis of the relevant state and federal law and concluded otherwise." *Burris v. Oklahoma, ex rel., Oklahoma Dep't of Corr.*, 2014 WL 442154, at *9-*10 (W.D. Okla. 2014) (collecting cases, rejecting *Hilldale*, and holding that the defendant was immune from a claim of "negligent hiring, training, supervision and retention" under the discretionary-function exemption of the GTCA); *see also Houston v. Indep. Sch. Dist. No. 89 of Oklahoma Cnty.*, 949 F. Supp. 2d 1104, 1109 (W.D. Okla. 2013) (concluding that "supervision and retention of managerial employees" is a "discretionary function").

Plaintiff also relies on *Hilldale* in arguing that the Department is subject to suit because "there is a special relationship between Defendants and the patients in facilities licensed by the Department." *Response* at 20; *see also Hilldale*, 2008 WL 2944997 at *12-*13 (finding that a school district owed a duty to the plaintiff (a student who had been sexually abused by a teacher) because a "special relationship" exists between a school district and its students).  Plaintiff's argument is unpersuasive.  Plaintiff is a former employee of the Department—not a patient at a facility licensed by the Department.  Plaintiff has no standing to assert claims for alleged "harms" to such patients.  *Cf. Response* at 20 (asserting that "it is foreseeable that these patients could be harmed").  Therefore, even if this Court had not

7

considered and rejected *Hilldale* on several occasions, *see Burris*, 2014 WL 442154, at \*9-
\*10, and even some sort of legally recognized "special relationship" existed between the
Department and patients at licensed facilities, the Department has no such relationship with
Plaintiff.  His negligence claim thus fails on immunity grounds as well.

## IV.   Plaintiff fails to plausibly allege he engaged in protected activity under Title VII.

Plaintiff recites paragraphs 47-50 of his Amended Complaint in contending that he
has stated a Title VII retaliation claim.  *Response* at 22-23.  The Department has pointed out
that paragraphs 47-50 are devoid of factual allegations and consist almost entirely of legal
conclusions, such as "unlawful employment practices," and "sexually hostile work
environment."  *Motion to Dismiss* at 14-15.  The Department will not belabor that point here.

Plaintiff then clarifies that his claim is based on the participation clause of Title VII's
retaliation provision, 42 U.S.C. § 2000e-3(a), and not on the opposition clause.  *Response* at
23 (stating his retaliation claim is not based on "a complaint" but is premised on his
"investigation" of claims).  The participation clause makes it unlawful for an employer to
discriminate against an employee who has "participated in any manner in an investigation,
proceeding, or hearing **under this subchapter**."  42 U.S.C. § 2000e-3(a) (emphasis added).
A plaintiff must have had a reasonable, good-faith belief that the conduct he investigated was
unlawful under Title VII.  *Neely v. City of Broken Arrow, Oklahoma*, 2007 WL 1574762, at
\*2-\*3 (N.D. Okla. 2007).

Plaintiff then confirms he did not investigate one of the two instances of alleged
sexual harassment referenced in his Amended Complaint.  *Response* at 23 (noting that this
"investigation . . . was allegedly being conducted by an outside party") (quoting *Amended
Complaint* at ¶ 39).  Accordingly, Plaintiff's retaliation cause of action, which he asserts is

8

premised on his "investigation" of sexual-harassment claims, cannot be based on this claim.

Next, Plaintiff addresses the second of the two alleged sexual-harassment claims referenced in his Amended Complaint. *Amended Complaint* at ¶¶ 26-28. Plaintiff provides his most detailed account of this alleged claim in his EEOC Charge of Discrimination:

> Prior to my termination I was in the process of initiating a sexual harassment claim made by another subordinate of Mr. Moore's. This employee complained to me of a hostile work environment based on the affair between Mr. Moore and [an alleged paramour]. **The employee having an affair with Mr. Moore was being treated better than other employees and received a promotion while employees who were not engaged in a sexual relationship with the boss were not**.[3]

First, as the Department discussed at length in its Motion to Dismiss, Plaintiff's purported "investigation" of this alleged claim cannot support a Title VII retaliation claim. *Motion to Dismiss* at 15-19. Because the Tenth Circuit has repeatedly held that favoritism of a paramour is not gender discrimination, Plaintiff cannot plausibly claim he had a reasonable belief that the Department violated Title VII. *See Motion to Dismiss* at 18-19.

Second, Title VII does not protect participation in an employer's internal investigation, conducted apart from a formal charge with the EEOC. *Motion to Dismiss* at n. 10. Although Plaintiff claims in his Response that he "was assisting another employee in the preparation of an EEOC claim," *Response* at 23, he makes no such allegation in his Amended Complaint.[4]   Moreover, even if Plaintiff was involved in a formal Title VII "investigation, proceeding, or hearing," as required under the participation clause of 42

---

[3] *See* page 6 of Exhibit 1 to Plaintiff's Petition [Dkt. 1, Ex. 1] (emphasis added).

[4] Plaintiff appears to be misrepresenting facts to this Court. The Department is unaware of a formal charge ever being filed with the EEOC relating to alleged sexual harassment involving Mr. Moore. In any event, this Court should disregard Plaintiff's representation because he has not alleged it in his pleadings.

U.S.C. § 2000e-3(a), his retaliation claim fails because he could not have held a reasonable, good-faith belief that Mr. Moore's alleged favoritism of a paramour violated Title VII. Consequently, Plaintiff has not plausibly alleged that he engaged in "protected activity," and his retaliation claim should be dismissed.

Finally, Plaintiff requests leave to amend if "this Court requires additional factual assertions." *Response* at 25.  Plaintiff has not filed a formal motion for leave to amend or specified how he intends to cure his factually deficient retaliation claim.  *See Calderon v. Kan. Dept. of Soc. and Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir.1999); Local Civil Rule 7.1(l).  Plaintiff has already amended his Complaint once and has demonstrated that he is unable to state a plausible retaliation claim.  This Court should therefore deny Plaintiff's request for leave to amend.  Alternatively, this Court should decline to rule on Plaintiff's "bare, insufficient request."  *Thompson v. Indep. Sch. Dist. No. I-1 of Stephens Cnty., Okla.*, 2012 WL 1110171, at *3-*4 (W.D. Okla. 2012).

## V.   Plaintiff abandoned his claim for punitive damages.

Plaintiff concedes he cannot recover punitive damages against the Department.  *Id.* at 26-27.  Accordingly, his request for punitive damages should be dismissed.

## CONCLUSION

Plaintiff has failed to plead plausible entitlement to relief on any of his claims. Therefore, the Department and Board should not be subjected to expensive and time-consuming discovery.  The Department and Board respectfully request that this Court dismiss all claims asserted against them in Plaintiff's First Amended Petition.

K:\VALB\Clients A-M\15640 Dept. & Board\0003 Delong, Michael\Pleadings (USDC-WDOK 14-cv-1439)\Reply_DeLong - M2D Amend Cmplt_v.3.docx

Respectfully submitted,

/s/ *Victor F. Albert*
VICTOR F. ALBERT, OBA #12069
ADAM P. MONTESSI, OBA #31157
CONNER & WINTERS, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 272-5711
Facsimile:  (405) 232-2695
valbert@cwlaw.com
amontessi@cwlaw.com
**Attorneys for Defendants The State of Oklahoma ex rel. the Oklahoma Department of Mental Health and Substance Abuse Services and The Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services**

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rachel L. Bussett, OBA #19769
Bussett Law Firm, PC
3555 N.W. 58th Street, Suite 1010
Oklahoma City, OK  73112
Telephone:  (405) 605-8073
Facsimile:  (405) 601-7765
rachel@bussettlaw.com
*Attorney for Plaintiff*

Jeremy Tubb, OBA #16739
Matthew S. Panach, OBA #22262
FULLER, TUBB, BICKFORD & KRAHL
201 Robert S. Kerr, Suite 1000
Oklahoma City, OK  73102
Telephone:  (405) 235-2575
Facsimile:  (405) 232-8384
jeremy.tubb@fullertubb.com
panach@fullertubb.com
*Attorneys for Defendants*
*Terri White, Durand Crosby, and*
*Cratus Dewayne Moore*

/s/ *Victor F. Albert*
VICTOR F. ALBERT