IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DELONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-1439-C |
| ) | |
| STATE OF OKLAHOMA ex rel. THE ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND ) | |
| SUBSTANCE ABUSE SERVICES; ) | |
| BOARD OF DIRECTORS FOR THE ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND SUBSTANCE ) | |
| ABUSE SERVICES; (3) TERRI WHITE, ) | |
| Commissioner and Chief Executive Officer ) | |
| of the Oklahoma Department of Mental ) | |
| Health and Substance Abuse Services; ) | |
| DURAND CROSBY, Chief Operating ) | |
| Officer of the Oklahoma Department of ) | |
| Mental Health and Substance Abuse ) | |
| services; and CRATUS DEWAYNE ) | |
| MOORE, General Counsel of the ) | |
| Oklahoma Department of Mental Health ) | |
| and Substance Abuse Services, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant Department of Mental Health and Substance Abuse Services as an Investigator II. In this capacity he was charged with investigating misconduct within state run facilities and/or with regard to management and staff. Following his termination by Defendants, he filed the present action raising a number of claims under the United States and Oklahoma Constitutions, as well as claims for violation of federal employment laws and state tort law-based claims. Of import here is a First Amendment

claim alleging violation of Plaintiff's right of free speech and his right of freedom of assembly. Defendants Terry White, Durand Crosby, and Cratus Dewayne Moore, in their individual and representative capacities ("Employee Defendants") seek dismissal of this claim.

1. Free Speech

Plaintiff's claim of free speech violations centers around his allegation that the leadership of the department wished to hide the findings of an investigation into NARCONON from the Board of Directors.[1] There are two paragraphs in Plaintiff's First Amended Complaint that relate to his free speech claim. The first is ¶ 34, which states: "Michael DeLong and Kimberly Poff were very vocal in 2012 and 2013 about their objection to ODMHSAS's decision to bury the report and Michael DeLong believes his objection to the decision to bury the findings of the NARCONON investigation directly relate to his termination by the Department on August 23, 2013."

The second is ¶ 53, which states: "Plaintiff spoke on matters of public concern regarding the suppression of an official report of illegal conduct at a state drug and alcohol treatment facility that he reasonably believed was an abuse of authority and that presented a substantial and specific danger to public health or safety."

---

[1] In his Response brief, Plaintiff attempts to broaden his First Amendment Free Speech allegation to include retaliation for investigating and reporting sexual harassment. Plaintiff's Amended Complaint cannot be read to raise a § 1983 claim on this topic. Therefore, it will not be considered.

The parties are in dispute over the proper legal standard applicable to Plaintiff's speech. Defendants argue that it should be analyzed pursuant to the Garcetti/Pickering[2] analysis. In contrast, Plaintiff argues that his free speech claim is not governed by Garcetti/Pickering, but by Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000). Plaintiff argues the Garcetti/Pickering analysis only applies when the speech is restricted by an employer, while Worrell applies in other instances. He argues that the Employee Defendants were not his employers and therefore Worrell is the proper test. Because Plaintiff's claims fail under both tests, it is unnecessary to resolve which applies here.

Following the teachings of Garcetti and Pickering, the Tenth Circuit established a five-step process to analyze free speech claims. Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007). Those steps are: First, the Court must determine if the employee was speaking as a citizen or pursuant to official duties. Id. If the speech was pursuant to official duties, there is no First Amendment protection. Id. "Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern." Id. "Third, if the employee speaks as a citizen on a matter of public concern, the court must determine 'whether the employee's interest in commenting on the issue outweighs the interest of the state as employer.'" Id. at 1203, quoting Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007). Fourth, was the speech a substantial or

---

[2] Garcetti v. Ceballos, 547 U.S. 410 (2006); Pickering v. Board of Education, 391 U.S. 563 (1968).

motivating factor in the employment decision. Brammer-Hoelter, 492 F.3d at 1203. Finally, if the speech was a factor, can the employer show the same decision would have been made absent the speech. Id. "The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact." Id.

Here, Plaintiff's claims fail at the first step. In evaluating the nature of the speech, the Court must determine whether the speech was made within the scope of Plaintiff's employment duties. If the speech is consistent with the type of activities the employee was paid to do, it is made within the scope of employment. Green v. Bd. of Cnty. Comm'rs, 472 F.3d 794, 801 (10th Cir. 2007). The facts of Plaintiff's Amended Complaint make clear that any speaking done by Plaintiff relating to the report was done within the course of his official duties. Consequently, the Court finds that Plaintiff's attempts to publish the report or speak about the findings of the report were made pursuant to his official duties. Thus, there is no First Amendment protection for any speech.

Additionally, the Court notes that even were it to have found Plaintiff had satisfied the first three steps of the Garcetti/Pickering analysis, Plaintiff's claim would fail at the fourth step. At that step, Plaintiff must show that his speech was a substantial motivating factor in a detrimental employment decision. However, in his response brief, Plaintiff takes great pains to argue that the Employee Defendants were not his employer and did not have the authority or power to terminate him. Therefore, Plaintiff has failed to set forth facts in his Complaint from which a reasonable jury could find that his speech led to his termination

4

or any other employment decision. Thus, the speech portion of his First Amendment claim would be subject to dismissal on that basis, as well.

As noted above, Plaintiff argues that his free speech claim is not properly analyzed under Garcetti/Pickering because the Employee Defendants did not have authority to make employment decisions about him. He argues instead that the analysis set forth in Worrell should apply. Under that case, in order to succeed on a free speech retaliation claim, the plaintiff must prove "(1) that the plaintiff 'was engaged in constitutionally-protected activity'; (2) that the defendant's actions caused the plaintiff 'to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity'; and (3) that the 'defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'" Id. at 1212 (quoting Lackey v. Cnty. of Bernalillo, N.M., No. 97-2265, 1999 WL 2461, at 3 (10th Cir. Jan. 5, 1999)).

As Defendants note in their Reply brief, simply applying Worrell does not excuse Plaintiff from his burden of demonstrating that his speech was entitled to protection. That is, there still has to be a showing that the speech was outside the scope of his official duties. See Leverington v. City of Colo. Springs, 643 F.3d 719, 733 (10th Cir. 2011). For the reasons set forth above, Plaintiff's claim fails this test.

Plaintiff's First Amended Complaint also fails to plead facts demonstrating that his speech led to his termination. He offers a conclusory statement to this effect, but fails to demonstrate that the Employee Defendants played a role in his ultimate termination. Indeed,

5

his response to their present Motion to Dismiss seems to disavow that those individuals played any role in his termination.

2. Freedom of Assembly

Plaintiff also argues that his termination violated his First Amendment right to freedom of assembly. According to Plaintiff, one of the reasons for his termination was his attendance at a seminar and that his presence allegedly intimidated the person conducting the seminar. Plaintiff argues this violates his right to peaceably assemble.

The Employee Defendants argue that Plaintiff has failed to demonstrate that his "standing in the back of the room" involved a matter of public concern. Consequently, the Employee Defendants argue, Plaintiff's claim must fail. Plaintiff offers no response to this argument and the Court finds it well founded. See Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004) ("a public employee bringing a First Amendment freedom of association claim must persuade a court that the associational conduct at issue touches on a matter of public concern.") Plaintiff has not demonstrated how the topic of the seminar was a matter of public concern or that his presence there touched on an issue of public concern. Plaintiffs assembly claim will be dismissed

## CONCLUSION

Because Plaintiff has failed to demonstrate that his speech or assembly was protected by the First Amendment, his 42 U.S.C. § 1983 claim must fail. Consequently, Employee Defendants' Motion to Dismiss (Dkt. No. 23) is GRANTED. Plaintiff's First Amendment claims fail as a matter of law. Accordingly, they are dismissed with prejudice. Because

those are the only claims raised against Defendants Terry White, Durand Crosby, and Cratus Dewayne Moore, those individuals are DISMISSED. A separate judgment will issue at the close of this case.

IT IS SO ORDERED this 29th day of April, 2015.

ROBIN J. CAUTHRON
United States District Judge