# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DELONG, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-2014-1439-C |
| 1. STATE OF OKLAHOMA *ex rel* The ) OKLAHOMA DEPARTMENT OF ) MENTAL HEALTH AND SUBSTANCE ) ABUSE SERVICES; ) | JURY TRIAL DEMANDED |
| 2. THE BOARD OF DIRECTORS FOR THE ) OKLAHOMA DEPARTMENT OF ) MENTAL HEALTH AND SUBSTANCE ) ABUSE SERVICES, ) | |
| 3. TERRI WHITE, Commissioner and Chief ) Executive Officer of the Oklahoma ) Department Of Mental Health And ) Substance Abuse Services, ) | |
| 4. DURAND CROSBY, Chief Operating ) Officer of the Oklahoma Department Of ) Mental Health And Substance Abuse ) Services; and ) | |
| 5. CRATUS DEWAYNE MOORE, General ) Counsel of Oklahoma Department of Mental ) Health and Substance Abuse Service. ) ) | |
| DEFENDANTS. | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: July 23, 2015

Appearing for Plaintiff:

    Rachel Bussett, OBA #19769
    Ashley Weyland, OBA#
    Bussett & Floyd, PLLC
    3555 NW 58th St., Ste. 1010
    Oklahoma City, OK 73112
    405-605-8073
    405-601-7765 fax
    Rachel@bussettlaw.com
    Ashley@bussettlaw.com

Appearing for Defendants:

    Victor F. Albert, OBA#12069
    CONNER & WINTERS, LLP
    Attorneys & Counselors at Law
    1700 One Leadership Square
    211 North Robinson
    Oklahoma City, OK 73102-7101
    P 405.272.5733
    F 405.232.2695
    valbert@cwlaw.com

    Jeremy Tubb, OBA # 16739
    Matthew S. Panach, OBA #22262
    Fuller, Tubb, Bickford & Krahl
    201 Robert S. Kerr Avenue, Suite 1000
    Oklahoma City, Oklahoma 73102
    (405) 235-2575 (main)
    (405) 604-3000 (direct)
    (405) 232-8384 (fax)
    (405) 613-3230 (cell)
    jeremy.tubb@fullertubb.com
    panach@fullertubb.com

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **<u>BRIEF PRELIMINARY STATEMENT</u>**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature

   of the case.

   This matter arises out of the termination of Michael DeLong from his job as an Inspector with the Oklahoma Department of Mental Health and Substance Abuse Services (at times referred to as "ODMHSAS").

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   Jurisdiction over the federal claims is vested under 28 USC §1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts and jurisdiction over them is vested in this Court pursuant to 28 USC §1367(a)

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. Kim Poff was the Inspector General for the Oklahoma Department of Mental Health and Substance Abuse Services.

   b. Kim Poff's employer was the Oklahoma Department of Mental Health and Substance Abuse Services. .

   c. Kim Poff's employment was terminated on August 23, 2013.

   d. Michael DeLong was an Investigator II with the Department of Mental Health and Substance Abuse Services.

   e. Michael DeLong's employer was the Oklahoma Department of Mental Health and Substance Abuse Services. .

   f. Michael DeLong was terminated on August 23, 2013.

   g. Terri White is the Commissioner and Chief Executive Officer for the Department of Mental Health and Substance Abuse Services.

   h. Durand Crosby is the Chief Operating Officer for the Department of Mental Health and Substance Abuse Services.

   i. Dwayne Moore is the General Counsel for the Department of Mental Health and Substance Abuse Services.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   **Plaintiff:**

a. Plaintiff was an employee of ODMHSAS from February 2010 to August 23, 2013 when he and his supervisor Kimberly Poff were both terminated by ODMHSAS.

b. Plaintiff was an Investigator II with the Office of the Investigator General for ODMHSAS. Plaintiff's job involved investigations of wrongdoing by the entities regulated by ODMHSAS as well as internal wrongdoing by employees of ODMHSAS.

c. Prior to his termination, Plaintiff had not been reprimanded or disciplined in any manner and had received positive employment evaluations and raises.

d. In 2012, Plaintiff along with Kimberly Poff investigated the deaths of 3 Oklahomans at the Narconon Arrowhead, a drug and alcohol treatment facility owned and operated by the Church of Scientology, which is regulated by ODMHSAS.

e. Plaintiff and Ms. Poff found numerous violations of Oklahoma law and prepared a report involving their findings.

f. Plaintiff and Ms. Poff were very vocal to management, specifically Terri White and Durand Crosby about the violations they found at Narconon and objected to the decision by Ms. White and Mr. Crosby not to release the findings of the investigation to the Board of Directors for ODMHSAS.

g. During Michael DeLong's employment with the Department, employees made allegations of sexual misconduct against an employee of the Department regarding an alleged affair between that employee and another employee whom he directly supervised.

h. A third party sexual harassment claim was made to Michael DeLong regarding alleged preferential treatment shown to the direct report of the previously-mentioned employee. The complaint alleged that there was a quid pro quo sexual harassment environment created by the conduct and the resulting promotion of the employee involved in the affair and a hostile work environment.

i. Plaintiff contends that he and Kimberly Poff were wrongfully and illegally terminated from his employment with ODMHSAS in retaliation for his investigation into the NARCONON Arrowhead deaths

    and for their investigation of third party sexual harassment claims arising from an affair between an employee and another employee in his direct supervision.

j. Plaintiff contends he properly investigated and reported claims of third party sexual harassment to his supervisor Kimberly Poff who reported the claims and conduct to Terri White and Durand Crosby who failed to address the claims and conduct.

k. Plaintiff also contends he was retaliated against because he supported his supervisor Kimberly Poff who was vocal to management about his and her findings regarding Narconon Arrowhead andthird party sexual harassment claim.

l. Plaintiff contends that Durand Crosby and Cratus Dewayne Moore are not only co-workers at ODMHSAS but are friends dating back to their days together in law school and that Mr. Moore and Mr. Crosby have worked together in several employment situations.

m. Plaintiff contends that Durand Crosby and Terri White retaliated against him for his investigation and pursuit of the third party sexual harassment claims against the employee.

n. Plaintiff contends that as a result of the conduct of ODMHSAS by and through Terri White and Durand Crosby he was wrongfully discharged which resulted in lost wages, lost benefits, emotional distress and mental suffering and damage to his reputation.

o. Plaintiff contends that he should be reinstated to his job and that all benefits of his employment should be restored.

p. Plaintiff contends that ODMHSAS has violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)), 42 U.S.C. § 1981, and violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983, and violations of Oklahoma Public Policy.

**Defendant, Oklahoma Department of Mental Health and Substance Abuse Services and Board of Directors of the Oklahoma Department of Mental Health and Substance Abuse Services:**

a. On April 29, 2015, the Court granted the Motions to Dismiss (Dkt. No. 31) all but one of Plaintiff's alleged causes of action. The only remaining cause of action is for alleged retaliation against the non-individual defendants. That makes all facts related to the dismissed causes of action irrelevant for purposes of this case.

b. There was no retaliation involved in the termination decision. The facts regarding Plaintiff's termination are that on August 6, 2013, Plaintiff was suspended with pay from his job, pending an investigation into alleged misconduct in the performance of his job as an investigator for the Defendant Department. The investigation was conducted by an independent, third-party investigator. The investigation determined that Plaintiff had engaged in inappropriate conduct, and had improperly attempted to intimidate and harass a witness to an investigation which Plaintiff was conducting. Plaintiff's employment was terminated on August 23, 2013, for the misconduct and for being dishonest about the misconduct when he was asked about it during the investigation into his actions.

c. Plaintiff's employer was the Department, not the Board, and the Board should be dismissed from this matter.

d. Plaintiff was at all times an at-will employee.

e. All actions taken by these Defendants as to Plaintiff were in good faith, legitimate, nondiscriminatory, and non-retaliatory.

f. These Defendants deny that Plaintiff is entitled to recover any damages from them, but further alleges that any damages are limited by statute.

g. Plaintiff may have failed to properly mitigate any damages that he alleges.

h. Any damages allegedly suffered by Plaintiff are a result of his own conduct and in no way were caused by or attributable to these Defendants.

      i.      After-acquired evidence may limit or negate any damages that Plaintiff could recover.

      j.      These Defendants reserve the right to list further Affirmative Defenses as revealed in discovery.

**Defendants, Terri White, Durand Crosby and Cratus Dewayne Moore ("Employee Defendants"):**

      a.      On April 29, 2015, the Court granted the Employee Defendants' Motion to Dismiss (Dkt. No. 32) and accordingly dismissed all claims asserted against them, with prejudice. At that time the Court advised that a "separate judgment will issue at the close of this case."

      b.      On June 8, 2015, the Employee Defendants filed a Motion for Attorney's Fees (Dkt. No. 36), and the matter has now been fully briefed. The Employee Defendants will therefore remain in this case only to the extent needed to obtain the resolution of the Motion for Attorney's Fees.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
      ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Plaintiff:     Motion to Amend/Clarify Petition – 8/21/15
    Defendant Department and Board: Motions for Summary Judgment on or before the date set by the Court.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes  X No

If "no," by what date will they be made? July 24, 2015.

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) set for July 22, 2015.

B. The parties disagree about the time necessary for discovery completion. Plaintiff's counsel anticipates that discovery should be completed within <u>8 months. Defendants' counsel submits that discovery should be completed within 4 months</u>.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? _____.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☐ Yes X No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☐ Yes X No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Plaintiff anticipates that there will be issues regarding the production of investigation materials and employee files due to the sensitive nature of the content of the documents. Plaintiff requests that the court address the process for producing and protecting the material at the Joint Status Conference.

        Defendant Department responds that the Court has dismissed all claims that arguably could involve issues related to confidential information, and that this is an unnecessary issue to have to deal with at the Status Conference, and certainly without knowing what information to which this allegedly pertains.

9. **ESTIMATED TRIAL TIME**: The parties do not agree on this. Plaintiff's counsel submits that the time for trial will be 1 week depending on whether this will be tried jointly with 5:14-cv-01438-C, Kimberly Poff v. State of Oklahoma ex rel OKDMHSAS. Defendants' counsel submits that the time for trial will be 2-3 days.

10. **BIFURCATION REQUESTED**:     □ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:     □ Good  Fair  X Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    □ No

    B.   The parties request that this case be referred to the following ADR process:

       Court-Ordered Mediation subject to LCvR 16.3
    □ Judicial Settlement Conference
    □ Other _____
    X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  □ Yes    X No

14. Type of Scheduling Order Requested.  X Standard  -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 21 day of July, 2015.

s/Rachel L. Bussett
Rachel Bussett, OBA #19769
Ashley Weyland, OBA# 32141
Bussett & Floyd, PLLC
3555 NW 58th St., Ste. 1010
Oklahoma City, OK 73112
405-605-8073
405-601-7765 fax
Rachel@bussettlaw.com
Ashley@bussettlaw.com
Counsel for Plaintiff


*s/ Victor F. Albert*
Victor F. Albert, OBA#12069
CONNER & WINTERS, LLP
Attorneys & Counselors at Law
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7101
P 405.272.5733
F 405.232.2695
valbert@cwlaw.com
Counsel for Defendants Oklahoma Department of Mental Health and Substance Abuse Services, and Board of Directors of the Department of Mental Health and Substance Abuse Services

s/Jeremy Tubb
Jeremy Tubb
Fuller, Tubb, Bickford & Krahl
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102
(405) 235-2575 (main)
(405) 604-3000 (direct)
(405) 232-8384 (fax)
(405) 613-3230 (cell)
jeremy.tubb@fullertubb.com
Counsel for Defendants, Terri White, Durand Crosby and Cratus Dewayne Moore

10