IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DELONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-1439-C |
| ) | |
| STATE OF OKLAHOMA ex rel. THE ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND ) | |
| SUBSTANCE ABUSE SERVICES; ) | |
| BOARD OF DIRECTORS FOR THE ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| MENTAL HEALTH AND SUBSTANCE ) | |
| ABUSE SERVICES; (3) TERRI WHITE, ) | |
| Commissioner and Chief Executive Officer ) | |
| of the Oklahoma Department of Mental ) | |
| Health and Substance Abuse Services; ) | |
| DURAND CROSBY, Chief Operating ) | |
| Officer of the Oklahoma Department of ) | |
| Mental Health and Substance Abuse ) | |
| services; and CRATUS DEWAYNE ) | |
| MOORE, General Counsel of the ) | |
| Oklahoma Department of Mental Health ) | |
| and Substance Abuse Services, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action in state court alleging various violations of state and federal law. Defendants removed the case and filed Motions to Dismiss. While the Motions were pending, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff dropped all allegations against the Employee Defendants except for a 42 U.S.C. § 1983 action alleging violation of his First Amendment rights. Defendants filed renewed Motions to Dismiss. The Court granted in part and denied in part the Department and Board's Motion

to Dismiss and granted the Motions to Dismiss of Defendants Terry White, Durand Crosby, and Cratus Dewayne Moore. These Defendants, joined by Ellen Buettner ("Employee Defendants"), now seek an award of attorney's fees.[1] In support of their request for attorney's fees, the Employee Defendants assert they are the prevailing party on all of the claims presented against them by Plaintiff. Defendants assert that 42 U.S.C. § 1983, Title VII, and the Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1101, et seq. ("OADA"), which were the basis of the claims filed by Plaintiff against them, each provide for an award of attorney's fees to the prevailing party. In the alternative, the Employee Defendants seek fees based on the Court's inherent powers because Plaintiff's claims clearly lacked any legal and/or factual support to the point of frivolity. Employee Defendants argue that under any of the statutes they are entitled to attorney's fees if they are able to demonstrate that Plaintiff's claims were meritless, groundless, or without foundation.

Employee Defendants argue that the Title VII and OADA claims were frivolous because they were legally deficient from the start because neither Title VII nor OADA authorize individual capacity suits. Employee Defendants argue this fact is enhanced because Plaintiff argued that none of the Employee Defendants played a substantive role in the decision to terminate his. As for the § 1983 claim, the Employee Defendants argue that it was clearly without support because Plaintiff's claim of having a property interest was undermined by his admission that he was an at-will employee, while the First Amendment

---

[1] Although Ms. Buettner was included as a Defendant in the original state court Petition, when Plaintiff filed his Amended Complaint, Ms. Buettner was not included.

2

claim was without support because Plaintiff's original Petition made clear that the speech was part of his official job duties.

In response, Plaintiff argues that Defendants are not entitled to fees for three reasons: 1) Employee Defendants are not the prevailing parties; 2) the fee request is untimely and procedurally defective; and 3) her claims were not so lacking in merit as to warrant imposition of fees. Because the Court finds that Plaintiff's claims were not meritless, groundless, or without foundation, it is unnecessary to address Plaintiff's first two arguments.[2]

The United States Supreme Court has set forth the standard for awarding fees in a § 1983 action. "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983). For Title VII cases, the Supreme Court determined the appropriate standard was making a "finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 421 (1978). Defendants offer no argument or authority suggesting the standard under the OADA is any different.

---

[2] The Court does not decide that the Employee Defendants' Motion is not premature. However, as those entities are the only ones to be prejudiced by a decision at this time, and they seek resolution, the Court will address the request for fees now.

The Tenth Circuit has noted that these standards are difficult to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney's fees on the plaintiff. See Clajon Prod. Corp. v. Petera, 70 F.3d 1566, 1581 (10th Cir. 1995). The Tenth Circuit has further noted that the dismissal of claims at the motion to dismiss or summary judgment stage does not automatically warrant a fee award. See Jane L. v. Bangerter, 61 F.3d 1505, 1513-14 (10th Cir. 1995). Indeed, the Court made clear that "[t]hose claims dismissed on 12(b)(6) motions that receive 'careful consideration,' especially as evidenced by lengthy, detailed, and reasoned orders or opinions, are not 'groundless' or 'without foundation.'" Id., citing Hughes v. Rowe, 449 U.S. 5, 15-16 (1980). Finally, the Supreme Court has made clear that in making the determination, the Court is to review the entire course of the litigation. Christiansburg, 434 U.S. at 421-22.

Applying these standards, the Court finds Employee Defendants are not entitled to fees. As for the § 1983 due process, Title VII, and OADA claims that Plaintiff dropped when he filed his Amended Complaint, Employee Defendants have failed to demonstrate that the claims were vexatious, frivolous, or brought to harass or embarrass Employee Defendants. While Employee Defendants may have had strong arguments in support of dismissal of the claims, it cannot be said that they were so lacking in merit as to rise to the level of entitling Employee Defendants to fees under the above standards.

As for the § 1983 claims asserting retaliation for exercise of First Amendment rights, the legal issues presented by Plaintiff required careful consideration and certainly contained at least an arguable basis in law for stating a claim for relief. After considering the nature

4

of the claims and the Court's ruling on the Motion to Dismiss and the basis therefor, the Court finds that Plaintiff's claims were not vexatious, frivolous, or without foundation. Therefore, Employee Defendants are not entitled to attorney's fees on this claim.

As Defendants recognize, the standard for an award of attorney's fees under the Court's inherent powers is even higher than that for an award under 42 U.S.C. § 1988. Accordingly, for the reasons set forth above, the request for an award of attorney's fees under the Court's inherent powers is also denied.

For the reasons set forth more fully herein, Employee Defendants' Application for Attorney's Fees (Dkt. No. 36) is denied.

IT IS SO ORDERED this 30th day of July, 2015.

ROBIN J. CAUTHRON
United States District Judge