IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DELONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1439-C |
| | ) | |
| STATE OF OKLAHOMA ex rel. THE | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| MENTAL HEALTH AND | ) | |
| SUBSTANCE ABUSE SERVICES; | ) | |
| BOARD OF DIRECTORS FOR THE | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| MENTAL HEALTH AND SUBSTANCE | ) | |
| ABUSE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff was employed by Defendant Department of Mental Health and Substance Abuse Services as an Investigator II. Following his termination by Defendants, he filed the present action raising a number of claims under the United States and Oklahoma Constitutions, as well as claims for violation of federal employment laws and state tort law-based claims. On the Motions to Dismiss, the Court dismissed all claims except Plaintiff's claims for retaliation in violation of 42 U.S.C. §§ 2000e et seq., ("Title VII"). See Dkt. Nos. 31 & 32. Defendants now seek judgment on this claim arguing the undisputed material facts demonstrate Plaintiff cannot prevail.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

Because Plaintiff offers no direct evidence of retaliation, his claims must be analyzed under the familiar burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a prima facie case of retaliation Plaintiff must show that: "(1) []he engaged in protected activity; (2) []he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action." Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1123–24 (10th Cir. 2007). "Protected activities fall into two distinct categories: participation or opposition." Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 259 (4th Cir.1998). Plaintiff proceeds only under the opposition category. That is, Plaintiff argues he is entitled to protection because he complained of a relationship and the environment it created. Plaintiff argues that the relationship between Defendants' General Counsel and his subordinate employee created a hostile work environment. According to Plaintiff, he reported this issue to his supervisor.

Defendants argue that Plaintiff's claim of retaliation cannot proceed as he cannot bring that type of claim for engaging in conduct that he is required to do as part of his job. According to Defendants, part of Plaintiff's job was to investigate claims of sexual harassment. Plaintiff does not dispute this fact. The Tenth Circuit has rejected a retaliation claim in similar circumstances in an FLSA case.[1] See McKenzie v. Renberg's Inc., 94 F.3d

---

[1] In Rutherford v. American Bank of Commerce, 565 F.2d 1162, 1165 (10th Cir. 1977), the Tenth Circuit applied reasoning from FLSA cases to a Title VII retaliation case, recognizing the similarity between the goals and language of the statutes.

1478, 1487 (10th Cir. 1996) ("In order to engage in protected activity . . . , the employee must step outside his or her role of representing the company . . . ."). Accordingly, Plaintiff cannot establish the first prong of his retaliation claim and Defendants are entitled to judgment.

Plaintiff's attempt to set out a prima facie case fails for an additional reason. To fall within Title VII's protection Plaintiff's "opposition" must arise from a protected activity. The relationship between the General Counsel and his subordinate does not satisfy this requirement. That is, any opposition by Plaintiff did not arise from complaining about activity protected by Title VII. See Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1370 (10th Cir. 1997)(recognizing that an office romance does not create a Title VII claim for those employees negatively affected by the relationship); see also Anderson v. Oklahoma State University Bd. of Regents, 342 Fed. Appx. 365 (10th Cir. 2009)(rejecting retaliation claim for reporting affair and alleged favoritism arising from affair).

Even if Plaintiff could establish a prima facie case, his claim would fail as Defendants have offered a legitimate nondiscriminatory reason for his termination and Plaintiff cannot show that reason is a pretext. According to Defendants, Plaintiff was terminated for engaging in witness intimidation and then lying about doing so. Plaintiff now argues that he was only joking when he said he was going to intimidate the witness and that he never followed through with his threat. Defendants hired an independent investigator to look into Plaintiff's actions. That investigator filed a report which Defendants relied on in terminating Plaintiff. Defendants attached an affidavit from the investigator as an exhibit in support of

4

their summary judgment motion. Plaintiff now argues the affidavit cannot be considered as it does not satisfy the requirements of Fed. R. Civ. P. 56(c)(4). According to Plaintiff, Mr. Milnes' affidavit contains hearsay and offers conclusions that are not based on personal knowledge. Defendants do not offer the affidavit as proof of their nondiscriminatory basis but to explain the evidence on which they made their termination decision. Thus, it is not necessary that the Court find the affidavit admissible, only that Mr. Milnes' investigation provided nondiscriminatory grounds for Defendants' decision to terminate Plaintiff. As the Tenth Circuit has explained:

> In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision, Zamora [v. Elite Logistics, Inc.], 478 F.3d [1160] at 1166 [(10th Cir. 2007)](quoting Watts v. City of Norman, 270 F.3d 1288, 1295 (10th Cir.2001)); we do not look to the plaintiff's subjective evaluation of the situation, see McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1130 (10th Cir.1998).

E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1044 (10th Cir. 2011). The issue surrounding Mr. Milnes' investigation is not whether the facts contained therein are true but whether Defendants believed those facts to be true when they decided to terminate Plaintiff. See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir.2005) (the relevant inquiry concerns the belief of the employer that the employee engaged in misconduct, not whether the actual facts, as shown by evidence extrinsic to the employer's assessment, may have been otherwise.) "[A]n employer's exercise of erroneous or even illogical business judgment does not constitute pretext." Reynolds v. Sch. Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1535 (10th Cir. 1995). Plaintiff offers no evidence demonstrating Defendants did not

believe the facts set out by Mr. Milnes to be true and that those facts provide grounds for his termination. Thus, Plaintiff has failed to show that Defendants' reliance on Mr. Milnes' affidavit was pretextual.

## **CONCLUSION**

For the reasons set forth herein, the Motion for Summary Judgment by Defendants State of Oklahoma Ex Rel. The Oklahoma Department of Mental Health and Substance Abuse Services and the Board of Directors for the Oklahoma Department of Mental Health and Substance Abuse Services (Dkt. No. 55) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 28th day of April, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge